ZELT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-396-CR

WILLIAM ALAN ZELT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant William Alan Zelt of driving while intoxicated  (“DWI”), and the trial court sentenced him to thirty days in jail and a $350 fine, but probated the jail sentence for one year.  In his sole point on appeal, Zelt complains that the evidence was factually insufficient to sustain
 
the conviction.  We affirm.

Background

At approximately 1:00 a.m. on October 1, 2000, Zelt was stopped by Officer Brian Hancock of the Keller Police Department for driving his motorcycle 71 m.p.h. in a 55 m.p.h. zone.  In the process of obtaining Zelt’s driver’s license and insurance information, Hancock detected the odor of an alcoholic beverage.  As a result, Hancock called for a second police unit to back him up in order to conduct field sobriety tests.  Hancock observed that Zelt’s balance was swayed and unsteady, his speech was slurred, and his eyes were bloodshot and dilated.  Hancock also testified at trial that at some point during the traffic stop, Zelt admitted to drinking four beers.  With the assistance of Officer Darrell Potts, Hancock performed several field sobriety tests.  Potts administered the horizontal gaze nystagmus (“HGN”) evaluation, and Hancock performed the one-leg stand and walk-and-turn tests.  Zelt failed all three tests.  Hancock determined that Zelt was intoxicated to the point of losing the normal use of his mental and physical faculties.

Potts agreed with Hancock’s assessment and testified that in his opinion, Zelt was intoxicated.  Potts noted that Zelt’s speech was slurred and that he could smell a strong odor of alcohol on Zelt’s breath.  Zelt was arrested for suspicion of DWI and taken to the Keller City Jail.  At the jail, Zelt was offered and refused to perform further sobriety tests and a breath test.  The traffic stop, as well as Zelt’s offer and refusal to take further tests, was recorded on videotape.

At the time Zelt was stopped, his girlfriend, Lisa Culver, was riding as a passenger on his motorcycle.  Zelt was also accompanied by his business partner, Dean Banzer, who was riding his own motorcycle.  Banzer and Culver both testified that they went inside a nearby establishment called Papa G’s after Zelt was stopped and did not witness the tests that were administered to Zelt.  Banzer testified that he observed Zelt drink beer that night but did not witness anything in Zelt’s behavior that indicated Zelt was intoxicated.  Culver also stated that she did not believe that Zelt was intoxicated on the night in question.

At trial, Zelt acknowledged that he drank beer on the night of his arrest stating, “I had one beer at one stop and another beer at another one, and I had a couple of beers with some hot wings for dinner.”  On cross-examination, Zelt attempted to explain his inability to pass the sobriety tests through the following testimony:

Q.  And your testimony is that you cannot stand one foot in front of the other on a normal day?

A.  On a normal day I couldn’t stand for five seconds like that and I certainly can’t --

Q.  Would you say it’s true that on a day that that’s normal but you had been drinking that would make it even more harder?

A.  I couldn’t do it.  I don’t drink that often, so you know -- 

Standard of Review

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict
,
 or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

Discussion

In order to establish Zelt’s guilt, the State must prove that Zelt did not have 
the normal use of his mental or physical faculties by reason of the introduction of alcohol.  
Tex. Penal Code Ann. § 49.01 (
Vernon 2003).  In Zelt’s sole point, he asserts that the evidence presented at trial was factually insufficient to sustain the conviction because the videotape of the traffic stop and the scene at the Keller City Jail fails to reveal any conclusive evidence that Zelt was intoxicated on the night in question.  Zelt’s brief acknowledges that testimony and opinions of arresting officers have been held to be legally sufficient to support a conviction for DWI.  
Annis v. State
, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979).  Zelt contends, however, that 
Annis
 does not apply to the facts of the present case because the videotape “dispels the theory that Zelt had lost the normal use of his faculties.”  Zelt argues that the tape contradicts the officers’ testimony to a degree that no rational trier of fact could have found the necessary elements of DWI were proved beyond a reasonable doubt.  Although Zelt emphasizes that the testimony of Banzer and Culver was unimpeached and directly controverts the testimony of the officers, we note that both Banzer and Culver also testified they did not witness the officers administer the sobriety tests.  

A complete and detailed examination of all the relevant evidence leads us to conclude that the fact finders’ decision is not manifestly unjust.  Although some portions of the videotape do not confirm whether Zelt was then intoxicated, it became apparent when it showed he was clearly unable to perform the one-leg stand and walk-and-turn tests.  The videotape shows Zelt stumbling several times before he completely abandoned the walk-and-turn test.  We therefore defer to the fact finders’ decision.  
See Johnson
, 23 S.W.3d at 9, 12.  

We overrule Zelt’s sole point and affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH 

Tex. R. App. P. 
47.2(b)

DELIVERED: October 9, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.