NUMBER 13-05-565-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MAX JAY VERA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court at Law 


of San Patricio County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Memorandum Opinion by Justice Yañez


 

 Appellant, Max Jay Vera, appeals his conviction for the offense of driving while
intoxicated (DWI). Appellant contends the evidence was not legally and factually sufficient
to support his conviction. (1) We affirm.

The State's Burden of Proof

 A person commits the offense of driving while intoxicated if the person is intoxicated
while operating a motor vehicle in a public place. (2) "Intoxicated" means: (a) not having the
normal use of mental or physical faculties by reason of the introduction of alcohol, a
controlled substance, a drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body; or (b) having an alcohol concentration
of 0.08 or more. (3) The State alleged a theory under subdivision (a) Appellant complains
that the State failed to prove that he did not have the normal use of his mental or physical
faculties.

The State's Evidence (4)

 Deputy Sheriff Shorty Franco of the San Patricio Sheriff's Department provided the
following testimony at trial. On the night of June 17, 2004, Franco heard a dispatch
regarding a reckless driver; the driver's location and a vehicle description were provided. 
A subsequent dispatch informed Franco that the described vehicle was at another nearby
location. Franco drove toward this location and spotted appellant's vehicle, which matched
the description provided by the dispatcher. According to Franco, the vehicle was parked
on the shoulder of a road with the engine running and the flashers on. Franco approached
the vehicle and found appellant slumped over the steering wheel; he was asleep and
drooling. Franco banged on the driver's side window for a few minutes in an attempt to
awake appellant. When appellant awoke, he exited the vehicle and talked with Franco. 
Franco testified that appellant stumbled out of the vehicle and that he smelled of alcohol.

 Deputy Sheriff Ruben Rodriguez also testified at appellant's trial. According to
Rodriguez, he arrived on the scene after Franco, but before appellant stepped out of his
vehicle. Furthermore, Rodriguez said he arrived at the scene after hearing a dispatch
regarding a vehicle that was "weaving all over the road and had gone almost off the road
three times." While at the scene, Rodriguez observed that appellant had slurred speech,
unsteady feet, and alcohol on his breath. Rodriguez's observations were complemented
by the testimony of Deputy Sheriff Charles Jones. Jones testified that appellant emitted
a strong odor of alcohol and that he had slurred speech and glassy eyes.

 Trooper Brian Fishbeck, from the Texas Department of Public Safety, testified to
first encountering appellant at the sheriff's department. According to Fishbeck, he asked
appellant to participate in a field sobriety test, but appellant refused. Fishbeck testified that
appellant responded to his request by stating, "You have enough on me already. I am not
giving you anything else." In describing appellant's demeanor, Fishbeck provided the
following testimony: "I noticed a very strong odor of alcohol about his person, his eyes
were very red, very bloodshot and glassy. Whenever I would speak to him, his speech was
very slurred, very thick-tongued speech." In Fishbeck's opinion, appellant was intoxicated.

 The State also played a videotape of appellant's arrest for the trial court. The
footage on the tape does not refute the testimony provided by the State's witnesses. The
tape shows the following: (1) a truck is parked on the side of the road with its engine
running and a right turn signal flashing; (2) an officer approaches the driver's side door
and, for approximately three minutes, continuously pounds on the door's window, makes
several attempts to open the door, and repeatedly requests in a loud voice for appellant
to unlock door; and (3) appellant exits the vehicle, talks with officers, and is subsequently
arrested. (5)

Appellant's Evidence

 Appellant's sole witness was his wife, Maralene Vera. Maralene testified that
appellant had been medically diagnosed with sleep apnea. According to Maralene,
appellant often exhibited difficulty in staying awake; she had known him to fall asleep
during conversations, meetings, and while driving. Maralene testified that when appellant
begins to fall asleep while driving, it is customary for him to pull over to the side of a road
to sleep. She further testified that appellant had undergone knee surgery in 1996; since
that time, he has had difficulty exiting his truck because doing so necessitates the use of
the truck's running board. Lastly, Maralene stated that appellant worked approximately 15
hours at a refinery on the day of his arrest.

Legal Sufficiency of the Evidence

 In reviewing the legal sufficiency of the evidence to support a conviction, we view
all the evidence in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. (6)

 Viewing the evidence in the light most favorable to the verdict, the State presented
direct evidence on the intoxication element of the charge. Namely, four law enforcement
officials testified that they observed signs of intoxication in appellant's demeanor and
behavior. The State's witnesses testified that appellant stumbled, was unsteady on his
feet, smelled of alcohol, slurred his speech, and had red and glassy eyes. It was upon
making these observations that the deputies concluded that appellant was intoxicated and
arrested him. (7)

 Given this testimony, we believe a rational trier of fact could find the elements of the
charge proven beyond a reasonable doubt. After reviewing the evidence in the light most
favorable to the verdict, we hold the evidence is legally sufficient to support the appellant's
conviction. Appellant's first issue is overruled.

Factual Sufficiency of the Evidence

 In a factual sufficiency review, we view the evidence in a neutral light and ask
whether a jury was rationally justified in finding guilt beyond a reasonable doubt. (8) We then
determine whether the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence. (9) We will not reverse a case on a factual
sufficiency challenge unless we can say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury's verdict. (10) The
fact-finder is the exclusive judge of the witnesses' credibility and the weight to be given to
their testimony. (11)

 Appellant directs our attention to evidence he contends creates a reasonable doubt
as to intoxication. First, appellant directs us to Maralene's testimony, in which she
contends it was appellant's physical condition that caused him to sleep and stumble, not
intoxication. Second, appellant notes that no witness saw him operating his vehicle, and
a search of his vehicle did not uncover any open containers of alcohol. Lastly, appellant
contends that he had normal use of his mental and physical faculties as evidenced by the
fact that he "pulled his vehicle off the highway, placed his car in park, and engaged his
hazard lights prior to falling asleep."

 We believe the trier of fact was presented with ample evidence so as to conclude
that appellant did not have the normal use of his mental or physical faculties. By finding
appellant guilty, it is apparent that the trial court chose to believe the State's witnesses, and
found Maralene's testimony unconvincing. After considering all of the evidence available
to the trial court in a neutral light, we find that the verdict is not so against the
overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. 
Therefore, we hold the evidence is factually sufficient to support appellant's conviction. We
overrule appellant's second issue.

Conclusion

 We conclude the evidence presented at trial was both legally and factually sufficient
to support the appellant's conviction. As such, we affirm the judgment of the trial court.


 

 LINDA REYNA YAÑEZ,

 Justice





Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 29th day of March, 2007.

1. On appeal, appellant also argued that he was entitled to a new trial because the videotape that
captured his arrest was not before this Court at the time he filed his brief and was believed to be lost. 
According to appellant, the tape, which was shown at trial, is necessary to this appeal's resolution. The State,
however, ultimately supplied this Court with the tape, and we have utilized it in coming to our ruling. This issue
is thus moot.
2. Tex. Pen. Code Ann. § 49.04 (Vernon 2003).
3. Id. § 49.01(2).
4. The State did not file a brief.
5. In reviewing the video, we cannot definitively conclude that appellant did or did not stumble while
exiting his vehicle; therefore, we cannot say the video either refutes or supports Franco's testimony that
appellant stumbled upon exiting. What was communicated between the officers and appellant at the time of
arrest was suppressed at trial; for that reason, we have not discussed that communication herein. With regard
to appellant's ability to walk or stand, we do note that appellant appeared to move slowly, but we ultimately
cannot conclude whether or not appellant was unsteady on his feet as testified to by Rodriguez.
6. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Hampton v. State, 165 S.W.3d 691, 693 (Tex. Crim.
App. 2005).
7. See Annis v. State, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979) (holding that the trooper's
testimony was sufficient to establish intoxication element where he observed appellant was off-balance, had
red eyes, mush-mouthed speech, and breath that smelled of alcohol).
8. See Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). 
9. Id. at 415.
10. Id. at 417.
11. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997).