**Leon Darrel ANNIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 56086.**

Court of Criminal Appeals of Texas, Panel No. 1.

March 21, 1979.

Thomas A. Autry, Austin, for appellant.

James L. McMurtry, County Atty., and John D. Roberts, Asst. County Atty., Robert Huttash, Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

Appeal follows a conviction for driving while intoxicated. Vernon's Ann.Civ.St., Article 6701*l*-1. The court assessed punishment at thirty days' confinement, probated for eighteen months and a two hundred dollar fine. Three grounds of error are presented for review. We affirm.

In his second ground of error, appellant challenges the sufficiency of the evidence to establish the essential element of intoxication. Appellant claims that the opinion testimony of the arresting officer, standing alone, does not establish intoxication. Further, it is urged that a chemical breath test administered one hour and twenty minutes after appellant's arrest, showing a 0.12 per cent alcohol content, has no meaning on the issue of appellant's intoxication at the time of the arrest.

■ Trooper Martin, the arresting officer, testified that he formed an opinion as to appellant's intoxication prior to and independent of the "breathalyzer" test. Supporting this independent opinion, Trooper Martin stated that while following appellant's vehicle he noticed the vehicle swerve across a lane-dividing stripe several times. When Trooper Martin attempted a traffic stop, appellant pulled into the parking lot of a tavern and parked. Approaching appellant, Trooper Martin observed that appellant appeared disorderly and that his speech was "mush-mouthed." Appellant's eyes were red and his breath smelled of alcohol. Further, Appellant swayed from side to side when walking or standing.

Trooper Martin was an experienced Texas Highway Patrol Officer and had on numerous occasions observed persons under the influence of alcoholic beverages. Based on his experience and the observed facts, Trooper Martin concluded that appellant was intoxicated while operating a motor vehicle. This testimony, considered in the light most favorable to the verdict, is sufficient to establish the element of intoxication. *Whisenant v. State*, 557 S.W.2d 102 (Tex.Cr.App.1977); *McGuire v. State*, 537 S.W.2d 26 (Tex.Cr.App.1976); *Bentley v. State*, 535 S.W.2d 651 (Tex.Cr.App.1976).

■ We find no merit in appellant's argument that a "breathalyzer" test administered one hour and twenty minutes after his arrest is of "no meaning."

Witnesses for the State testified that once alcohol is consumed, a period of thirty minutes to one hour passes before that alcohol would show up in a chemical breath test. Therefore, appellant argues, a test delayed by an hour could possibly show a higher level of alcohol because of the time gap between point of consumption and the point at which the alcohol is absorbed into the system.

Appellant is concerned with the situation where a person's alcohol content is just below the presumed level of intoxication. This person has a drink containing alcohol and then is arrested. If the breath test were administered immediately, the alcohol from the last drink would not show up and the individual would still be below the presumed level of intoxication. However, a delay of an hour before administering the test would permit the last drink to have been absorbed and thus would produce a higher result in the test; perhaps over the presumed level of intoxication.

Appellant's argument might be meritorious if the results of a chemical breath test were the only evidence of his intoxication. However, with the opinion testimony of Trooper Martin, such an argument need not detain us.

The facts and argument of appellant fit within our holding in *Dorsche v. State*, 514 S.W.2d 755 (Tex.Cr.App.1974). There we considered an attack on the sufficiency of the evidence to establish intoxication in a prosecution for murder without malice committed by driving a motor vehicle while

intoxicated. As here, the evidence in *Dorsche* consisted of the testimony of the arresting officer and the results of a chemical breath test. The breath test was administered two hours and fifteen minutes after the arrest of the defendant and showed an alcohol content of 0.10 per cent. The arresting officer, a veteran highway patrol officer, testified as follows:

"I observed that he (defendant) had a strong odor of an intoxicating beverage about his person . . . His speech was slurred . . . He swayed from side to side and I would described his turning movements as unsure."

From these observations, the officer concluded that the defendant was intoxicated.

In *Dorsche*, we held that while the issue of intoxication may have been disputed, the jury, having heard the evidence, resolved the dispute against the defendant. Likewise, appellant disputed the allegation of intoxication, but after hearing sufficient evidence the jury resolved the issues against appellant. Ground of error two is overruled.[1]

In ground of error one, appellant complains of a variance between the complaint and the information because the complaint omits a recitation of the credibility of the person making the complaint.

The complaint charges:

". . . on this day personally appeared W. L. Hart, who after being sworn, on oath deposes and says (that he has good reason to believe and does believe and charge) that heretofore . . ."

The information reads as follows:

". . . on the written affidavit of W. L. Hart a competent and credible person herewith filed in the County Court . . ."

Appellant urges that the failure of the complaint to recite the credibility of W. L. Hart is fatal. We do not agree.

Article 21.22, Vernon's Ann.C.C.P. requires:

"[that] no information shall be presented until affidavit has been made by some credible person charging the defendant with an offense."

Article 21.22 does not require a recitation of credibility in either the charge or the information. Rather, the requirement is that the complaint must rest on the affidavit of a credible person and the affidavit does not have to allege the credibility of the affiant. See *Woods v. State*, 499 S.W.2d 328 (Tex.Cr.App.1973).

There is no fatal variance between the complaint and information. Ground of error one is overruled.

In his final ground of error, appellant complains that the State committed reversible error by calling attention to appellant's failure to testify.

To determine if the State's argument was a comment on the failure of the appellant to testify, we must examine the language used from the viewpoint of the jury. *McDaniel v. State*, 524 S.W.2d 68 (Tex.Cr.App.1975). If the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on appellant's failure to testify, the argument is error. *Bird v. State*, 527 S.W.2d 891 (Tex.Cr.App.1975).

The comments complained of are as follows:

". . . nobody testified to you about the rate of consumption of alcohol. Who could have?

"We don't know if there were 5 drinks consumed, ten drinks consumed, no drinks consumed . . .

"Now the fact that (appellant) did not testify is proper. You were instructed

---

1. Appellant contends that law enforcement officers should administer two breath tests to persons suspected of intoxication to determine if the suspect is still accumulating alcohol from drinks within an hour of the test. We do not, as a matter of law or policy, require such a procedure. We notice that appellant was advised, in the warning given by Trooper Martin, that a competent doctor or nurse of appellant's choice could, within a reasonable time, administer additional tests.

before and I'm asking you not to consider it now. He has that right, don't consider it against him that he did not testify. Please don't. But you do have a right to know all the facts to make your job as easy on you as possible."

We do not find these comments to be directed toward the failure of appellant to testify under the test in *Bird*, supra. These comments were not of such a character as to require the necessary conclusion that the State was directing attention to the failure of appellant to testify.

The record clearly reflects that several defense witnesses were sworn and placed under the Rule in front of the jury. Further, the jury knew that appellant's son was present at the time appellant was arrested. In the face of such facts, the comments by the State were permissible; pointing out that witnesses who could have supported appellant were not called. *Gorman v. State*, 480 S.W.2d 188 (Tex.Cr.App.1972).

The judgment is affirmed.