**Norman Lee MARTIN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–070–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 5, 1987.

**136**

Zellers & Zellers and Catherine Zellers, Weatherford, for appellant.

William H. Cantrell, County Atty. and Patrick J. Fleming, Asst. Co. Atty., Weatherford, for appellee.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## OPINION

FARRIS, Justice.

Appellant, Norman Lee Martin, appeals his conviction by the jury for the offense of driving while intoxicated. *See* TEX.REV. CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1987). Punishment was assessed by the court at 180 days confinement in the Parker County jail and a $500.00 fine.

We affirm.

At approximately 5:37 p.m. on December 7, 1985, appellant was stopped by a police officer for suspicion of driving while intoxicated. Appellant refused to consent to the taking of an intoxilyzer test, was arrested and taken to the Parker County jail. While in jail, appellant consented to taking the intoxilyzer test. The test was administered to appellant at approximately 7:00 p.m. the same day. The test results indicated that appellant's blood alcohol content was 0.21%, over twice the legal limit. TEX. REV.CIV.STAT.ANN. art. 6701*l*–1(a)(2)(B) (Vernon Supp.1987).

In his first point of error, appellant challenges the sufficiency of the evidence to support his driving while intoxicated conviction. Appellant alleges that the State failed to prove that he was "intoxicated while driving or operating a motor vehicle in a public place." *See Ford v. State,* 571 S.W.2d 924, 925 (Tex.Crim.App.1978); TEX. REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1987). The State established that appellant had a blood alcohol content of 0.21% at 7:00 p.m., and offered expert testimony of the forensic chemist who maintains the instrument with which appellant was tested and who testified that a person having such a percentage of alcohol concentration would not have normal use of his physical or mental faculties. Appellant claims, however, that there was no expert testimony or opinion as to appellant's blood alcohol content at 5:37 p.m., the time relevant and critical to the State's case. *See Forte v. State,* 707 S.W.2d 89, 94 (Tex. Crim.App.1986).

In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, the evidence is viewed in the light most favorable to the judgment. *See Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1984); *Wilson v. State,* 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense

evidence "outweighs" the State's evidence. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Id.*

Appellant's claim overlooks the testimony of the arresting officer. In *Annis v. State,* 578 S.W.2d 406 (Tex.Crim.App.1979), the Texas Court of Criminal Appeals held that, although results of a breathalyzer test administered one hour and twenty minutes after appellant's arrest is not, in itself, dispositive of the issue of intoxication at the time of his arrest, this evidence combined with the testimony of the arresting officer, who observed appellant and concluded that he was intoxicated, was sufficient to establish the element of intoxication. *Id.* at 407. Further, opinion testimony of the arresting officer, standing alone, has been held to be sufficient to prove the element of intoxication. *Id.; Irion v. State,* 703 S.W.2d 362, 364 (Tex.App. —Austin 1986, no pet.)

In the instant case, the arresting officer testified that he had been in the law enforcement profession for five years and in that time had come into contact with persons under the influence of alcohol on many occasions. He stated that he formed an opinion as to appellant's sobriety based on his observation of appellant prior to the giving of the intoxilyzer test. The officer testified that appellant stumbled as he got out of his car, he staggered and swayed as he stood, his speech was slurred and his tongue was thick, his eyes bloodshot and watery, and his hand-eye coordination was sluggish. The officer also testified that appellant failed three field sobriety tests conducted at the scene of the arrest. Appellant failed the horizontal gaze and astigma test, he could not count from one to four on his fingers, and he could not recite the alphabet out loud. The officer testified that, in his opinion, appellant was intoxicated at the scene of the arrest.

■ We hold that the testimony of the arresting officer, together with the testimony of the expert witness who stated that someone who tested at 0.21% on an intoxilyzer test would not have the normal use of his mental or physical faculties by means of the introduction of alcohol into his system, constitutes sufficient evidence to establish appellant's intoxication at the time of his arrest. *Annis,* 578 S.W.2d at 407. Point of error one is overruled.

■ Appellant claims in his second point of error that the trial court erred in admitting the results of the intoxilyzer test without the proper predicate having first been laid. Appellant correctly asserts that in order for the test results of a person's blood alcohol content to be admissible in a criminal action for driving while intoxicated, the State must show that the test was performed according to the rules of the Texas Department of Public Safety. TEX. REV.CIV.STAT.ANN. art. 6701*l*–5, sec. 3(b) (Vernon Supp.1987). Appellant relies on *Cody v. State,* 548 S.W.2d 401, 404 (Tex.Crim.App.1977) for the proposition that the State must, in addition, prove that properly compounded chemicals were used when the test was administered. Appellant contends that neither prerequisite for the admission of the intoxilyzer test results were met by the State.

Appellant apparently confuses a breathalyzer test with an intoxilyzer test. The arresting officer unequivocally testified that appellant, in this case, took an intoxilyzer test. Appellant's reliance on *Cody* is misplaced since that case involved the admissibility of breathalyzer test results. *Id.* at 403. According to the testimony of the State's forensic chemist, the intoxilyzer is "basically a single beam, infrared, spectrophotometer ... what it does is it passes an infrared light source through a breath sample ... and from that, determines the amount of alcohol that's present in it...." Use of the intoxilyzer test does not involve compounded chemicals. *Gandara v. State,* 661 S.W.2d 749, 751 (Tex.App.—El Paso 1983, pet. ref'd).

Results of intoxilyzer tests are admissible when the administering officer testifies

that, on the day alleged in the information, he held a Department of Public Safety certificate as a qualified intoxilyzer operator and that he followed the rules of the Department of Public Safety in administering the test. *Scherlie v. State*, 689 S.W.2d 294, 297 (Tex.App.—Houston [1st Dist.] 1985, no pet.); TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, sec. 3(b) (Vernon Supp.1987). In the instant case, the officer who administered the test testified that he had attended a week-long intoxilyzer certification school, passed a written exam, became a certified intoxilyzer operator, and was certified on the date alleged in the indictment. The officer further testified that he administered the intoxilyzer test to appellant according to the instructions accompanying the instrument, following each of the seven steps prescribed by the Texas Department of Public Safety. The officer finally testified that the instrument was working properly and that he operated it in a proper manner.

We hold that the testimony of the arresting officer constitutes proper predicate for the admission of the intoxilyzer test results. Appellant's second point of error is overruled.

Judgment affirmed.