COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-396-CR

WILLIAM ALAN ZELT                                                  
             APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        A jury convicted Appellant William Alan Zelt of driving while intoxicated 
(“DWI”), and the trial court sentenced him to thirty days in jail and a $350 fine, 
but probated the jail sentence for one year. In his sole point on appeal, Zelt 
complains that the evidence was factually insufficient to sustain the conviction. 
We affirm. 
 
Background
        At approximately 1:00 a.m. on October 1, 2000, Zelt was stopped by 
Officer Brian Hancock of the Keller Police Department for driving his motorcycle 
71 m.p.h. in a 55 m.p.h. zone. In the process of obtaining Zelt’s driver’s 
license and insurance information, Hancock detected the odor of an alcoholic 
beverage. As a result, Hancock called for a second police unit to back him up 
in order to conduct field sobriety tests. Hancock observed that Zelt’s balance 
was swayed and unsteady, his speech was slurred, and his eyes were 
bloodshot and dilated. Hancock also testified at trial that at some point during 
the traffic stop, Zelt admitted to drinking four beers. With the assistance of 
Officer Darrell Potts, Hancock performed several field sobriety tests. Potts 
administered the horizontal gaze nystagmus (“HGN”) evaluation, and Hancock 
performed the one-leg stand and walk-and-turn tests. Zelt failed all three tests. 
Hancock determined that Zelt was intoxicated to the point of losing the normal 
use of his mental and physical faculties. 
        Potts agreed with Hancock’s assessment and testified that in his opinion, 
Zelt was intoxicated. Potts noted that Zelt’s speech was slurred and that he 
could smell a strong odor of alcohol on Zelt’s breath. Zelt was arrested for 
suspicion of DWI and taken to the Keller City Jail. At the jail, Zelt was offered 
and refused to perform further sobriety tests and a breath test. The traffic 
stop, as well as Zelt’s offer and refusal to take further tests, was recorded on 
videotape.
        At the time Zelt was stopped, his girlfriend, Lisa Culver, was riding as a 
passenger on his motorcycle. Zelt was also accompanied by his business 
partner, Dean Banzer, who was riding his own motorcycle. Banzer and Culver 
both testified that they went inside a nearby establishment called Papa G’s after 
Zelt was stopped and did not witness the tests that were administered to Zelt. 
Banzer testified that he observed Zelt drink beer that night but did not witness 
anything in Zelt’s behavior that indicated Zelt was intoxicated. Culver also 
stated that she did not believe that Zelt was intoxicated on the night in 
question.
        At trial, Zelt acknowledged that he drank beer on the night of his arrest 
stating, “I had one beer at one stop and another beer at another one, and I had 
a couple of beers with some hot wings for dinner.” On cross-examination, Zelt 
attempted to explain his inability to pass the sobriety tests through the 
following testimony: 
Q. And your testimony is that you cannot stand one foot in front
of the other on a normal day?
 
A. On a normal day I couldn’t stand for five seconds like that and 
I certainly can’t -- 
 
Q. Would you say it’s true that on a day that that’s normal but 
you had been drinking that would make it even more harder? 
 
A. I couldn’t do it. I don’t drink that often, so you know -- 

Standard of Review
        In reviewing the factual sufficiency of the evidence to support a 
conviction, we are to view all the evidence in a neutral light, favoring neither 
party. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. 
State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is 
factually insufficient if it is so weak as to be clearly wrong and manifestly 
unjust or the adverse finding is against the great weight and preponderance of 
the available evidence. Johnson, 23 S.W.3d at 11. Therefore, we must 
determine whether a neutral review of all the evidence, both for and against the 
finding, demonstrates that the proof of guilt is so obviously weak as to 
undermine confidence in the verdict, or the proof of guilt, although adequate if 
taken alone, is greatly outweighed by contrary proof. Id. In performing this 
review, we are to give due deference to the fact finder’s determinations. Id. at 
8-9; Clewis, 922 S.W.2d at 136. We may not substitute our judgment for that 
of the fact finder’s. Johnson, 23 S.W.3d at 12. Consequently, we may find 
the evidence factually insufficient only where necessary to prevent manifest 
injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 
(Tex. Crim. App. 1997). 
Discussion
        In order to establish Zelt’s guilt, the State must prove that Zelt did not 
have the normal use of his mental or physical faculties by reason of the 
introduction of alcohol. Tex. Penal Code Ann. § 49.01 (Vernon 2003). In Zelt’s 
sole point, he asserts that the evidence presented at trial was factually 
insufficient to sustain the conviction because the videotape of the traffic stop 
and the scene at the Keller City Jail fails to reveal any conclusive evidence that 
Zelt was intoxicated on the night in question. Zelt’s brief acknowledges that 
testimony and opinions of arresting officers have been held to be legally 
sufficient to support a conviction for DWI. Annis v. State, 578 S.W.2d 406, 
407 (Tex. Crim. App. 1979). Zelt contends, however, that Annis does not 
apply to the facts of the present case because the videotape “dispels the theory 
that Zelt had lost the normal use of his faculties.” Zelt argues that the tape 
contradicts the officers’ testimony to a degree that no rational trier of fact could 
have found the necessary elements of DWI were proved beyond a reasonable 
doubt. Although Zelt emphasizes that the testimony of Banzer and Culver was 
unimpeached and directly controverts the testimony of the officers, we note 
that both Banzer and Culver also testified they did not witness the officers 
administer the sobriety tests. 
        A complete and detailed examination of all the relevant evidence leads us 
to conclude that the fact finders’ decision is not manifestly unjust. Although 
some portions of the videotape do not confirm whether Zelt was then 
intoxicated, it became apparent when it showed he was clearly unable to 
perform the one-leg stand and walk-and-turn tests. The videotape shows Zelt 
stumbling several times before he completely abandoned the walk-and-turn test. 
We therefore defer to the fact finders’ decision. See Johnson, 23 S.W.3d at 
9, 12. 
        We overrule Zelt’s sole point and affirm the trial court’s judgment. 

                                                                  DIXON W. HOLMAN 
                                                                  JUSTICE
 
PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ. 
 
DO NOT PUBLISH 
Tex. R. App. P. 47.2(b)
 
DELIVERED: October 9, 2003