Affirmed and Memorandum Opinion filed July 18, 2006








Affirmed and Memorandum Opinion filed July 18, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-01113-CR

_______________

 

CHARLES THOMAS SEGO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal
Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1233863

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

 

Charles Thomas Sego appeals a
conviction for driving while intoxicated (ADWI@)[1]
on the grounds that the evidence is legally and factually insufficient to
support his conviction.  We affirm.








Appellant=s first and second issues contend
that the evidence is legally and factually insufficient to support his
conviction because no reasonable inference of intoxication by alcohol, or an
equally reasonable inference to the contrary, can be drawn from: (1) appellant=s refusal to take an intoxilyzer test
and refusal to participate in field sobriety tests; (2) appellant=s performance on the horizontal gaze
nystagmus (AHGN@) test; (3) appellant=s manner of operating his vehicle, i.e., driving 90
mph in a 60 mph speed zone; (4) appellant=s inability to fully recite the
alphabet; (5) appellant=s actions and demeanor on the roadside and station videotape;
and (6) the arresting officer=s opinion that appellant was intoxicated.

In reviewing legal sufficiency, we
view the evidence in the light most favorable to the verdict to determine
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  Prible v. State, 175 S.W.3d 724,
729-30 (Tex. Crim. App.
2005), cert. denied, 126 S.Ct. 481 (2005).  In reviewing factual
sufficiency, we view the evidence in a neutral light, both for and against the
finding, and set aside the verdict only if proof of guilt is so obviously weak
as to undermine confidence in the jury=s determination, or the proof of
guilt, while adequate if taken alone, is greatly outweighed by contrary proof. 
Id. at 730-31. 

The jury was authorized to convict
appellant of DWI if it found that, while operating a motor vehicle in a public
place, he did not have the normal use of his mental or physical faculties by
reason of the introduction of alcohol into his body.  See Tex. Penal Code Ann. '' 49.01(2), 49.04(a) (Vernon 2003).  

The arresting officer[2]
testified that he believed appellant had lost the normal use of his mental or
physical faculties due to intoxication by alcohol because appellant: (1) was
driving at an excessive rate of speed, had an odor of alcohol on his breath, a
dazed look on his face, and slow, fumbling reactions; (2) displayed six clues
indicating intoxication from 








the HGN test; (3) refused to perform
the other standardized field sobriety tests because of an allegedly bad leg or
foot; and (4) was unable to recite the alphabet after three attempts.[3] 
In addition, once he was arrested and transported to the police station,
appellant: (1) refused to take an intoxilyzer exam[4]
or any other standardized sobriety tests; (2) had difficulty reading questions;
and (3) exhibited mental confusion and bloodshot eyes. Viewing this evidence in
the light most favorable to the verdict, a rational jury could have found that
appellant, while operating his vehicle, did not have the normal use of his
mental or physical faculties, by reason of introducing alcohol into his body.  See
Prible, 175 S.W.3d at 729-30. 

Appellant points to the following
evidence to show that he was not intoxicated: (1) admissions, on
cross-examination, by several of the police officers that there can be reasons
other than intoxication for behavior like appellant=s[5];
and (2) statements by several officers that the HGN test performed on appellant
may not have been performed in the standardized manner,[6]
although the State=s expert testified that, in his opinion, it was performed
properly.  Additionally, appellant asserts that the videotape of the roadside
stop and subsequent interview at the police station demonstrate that he had not
lost the normal use of his physical and mental faculties because he exhibited a
logical thought process, an ability to understand and follow directions, and
made the choice to give a Agood refusal@ rather than submit to any sobriety testing.[7] 









After viewing all the evidence in a
neutral light, the controverting considerations relied on by appellant do not
demonstrate that proof of his guilt is so obviously weak as to undermine
confidence in the jury=s determination, nor greatly outweighed by contrary proof.  See
id. at 730-31.  Accordingly, appellant=s first and second issues fail to
establish that the evidence is legally or factually insufficient to support his
conviction and are overruled.  The judgment of the trial court is affirmed.

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed July 18, 2006.

Panel consists of Justices Fowler,
Edelman and Guzman.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           A jury found appellant guilty, and the
trial court sentenced him to 180 days confinement, suspended the sentence and
ordered community supervision for one year, and imposed a $1,500 fine.





[2]           All the officers testifying at trial were
specially trained through a DWI certification program to recognize intoxicated
persons.





[3]           The opinion testimony of the arresting
officer is sufficient to prove the element of intoxication.  Annis v. State,
578 S.W.2d 406, 407 (Tex. Crim. App.
1979).





[4]           A refusal to take a blood-alcohol test is
relevant and admissible as evidence of intoxication.  See Tex. Transp. Code Ann. ' 724.015 (Vernon Supp. 2005); Griffith v. State,
55 S.W.3d 598, 601 (Tex. Crim. App.
2001).





[5]           However, appellant provided no evidence
that he suffered from any of the conditions the officers indicated might affect
either the results of the HGN or his behavior.





[6]           On cross-examination, the arresting officer
indicated that he did not hold the pen the requisite twelve to fifteen inches
from appellant=s face during the entire administration of the HGN
test because appellant was swaying and moved his face closer to the pen as the
test progressed.  However, appellant offered no evidence that such a deviation
could affect the accuracy of the test. 





[7]           We do not agree that the tape affirmatively
demonstrates a lack of intoxication.