**AFFIRMED; and Opinion Filed June 25, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14-01001-CR**

**JOCELYN UY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause No. 004-86182-2013**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Schenck
Opinion by Justice Schenck

A jury convicted Jocelyn Uy of misdemeanor driving while intoxicated (DWI). The trial court assessed punishment of ten days' confinement in jail. Appellant challenges the legal sufficiency of the evidence supporting the jury's guilty verdict. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

On July 22, 2013, at approximately 1:00 a.m., Officer Tommy Johnson of the Wylie Police Department was on patrol when appellant's driving attracted his attention. He observed her car vary its speed, weave within its lane, nearly hit a curb, and otherwise exhibit signs that its driver was intoxicated. Officer Johnson initiated a traffic stop, and when he walked up to her car, he observed appellant's bloodshot eyes and the odor of an alcoholic beverage. When Officer

Johnson asked appellant whether she had anything to drink, she answered that she had consumed one whiskey and soda earlier that night. Officer Johnson proceeded with a DWI investigation, beginning with field-sobriety tests, all of which appellant failed. He then asked if she would agree to use the portable breath testing machine; she refused. She instead insisted that he administer additional tests, which she also failed.

Officer Johnson placed appellant under arrest and took her to the police station where he recorded appellant reading a statutory warning aloud. The warning instructed appellant that if she refused to agree to provide a specimen of her breath or blood, the refusal could be admissible in a subsequent prosecution and her driver's license would be suspended for not less than 180 days whether or not she was subsequently prosecuted. After appellant refused to provide a specimen, Officer Johnson obtained a search warrant to test her blood. Appellant's blood was drawn at 2:30 a.m. and, upon testing, was discovered to have 0.089 grams of alcohol per 100 milliliters of blood. The forensic scientist who tested her blood estimated that based on her gender, weight, an estimated time of her last drink at 12:30 a.m., and a blood sample taken at 2:30 a.m., appellant would have had a blood-alcohol concentration of 0.11 at 1:00 a.m.

## STANDARD OF REVIEW

When conducting a legal-sufficiency review, a court must ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). In so doing, we assess the evidence in the light most favorable to the prosecution. *Id.* This same standard applies equally to circumstantial and direct evidence. *Burden v. State*, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001). After giving proper deference to the factfinder's role, we will uphold the verdict unless a rational factfinder must have had reasonable doubt as to an essential element. *Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992).

**DISCUSSION**

A person commits the offense of driving while intoxicated if he or she is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a). The Texas Penal Code sets out two definitions of "intoxicated." *Id.* § 49.01(2). The first definition is subjective and provides that a person is intoxicated where he or she lacks the normal use of mental or physical faculties by reason of the introduction of alcohol into the body. *Id.* The second, objective, definition sets the standard at an alcohol concentration of 0.08 or more per 100 milliliters of blood. *Id.* Evidence that would logically raise an inference that the defendant was intoxicated at the time of driving includes erratic driving, post-driving behavior such as stumbling, swaying, slurring or mumbling words, inability to perform field-sobriety tests or follow directions, bloodshot eyes, and any admissions by the defendant concerning what, when, and how much he or she had been drinking. *Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010).

Focusing on the element of intoxication, appellant complains the evidence supporting her conviction was legally insufficient. She asserts that the forensic scientist's estimate of her blood-alcohol concentration at the time of driving should not be considered for several reasons. First, she asserts his analysis was incorrectly predicated on the assumption that appellant's last drink was at 12:30 a.m. instead of midnight when she testified she left the establishment. Next, she contends the term retrograde extrapolation was never used by the prosecutor or the forensic scientist and was never explained to the jury. Finally, appellant asserts the forensic scientist did not testify regarding his qualifications to offer an opinion as to what her blood-alcohol concentration would have been when Officer Johnson stopped her, the validity of the scientific theory underlying his opinion, or the technique applying the theory.

Appellant asserts the following also demonstrates the evidence was insufficient to establish that she was intoxicated while driving. She told Officer Johnson she was not intoxicated. The record contains no testimony that appellant displayed slurred or slow speech or that she fumbled for her driver's license. Although he testified appellant had bloodshot eyes, Officer Johnson conceded on cross-examination there are multiple causes for bloodshot eyes that are unrelated to alcohol. He also failed to testify as to the strength of the odor of alcoholic beverage he observed during the traffic stop. Officer Johnson testified appellant exhibited six out of a possible six clues on the horizontal gaze nystagmus test, three out of a possible eight clues on the walk-and-turn test, and three out of four clues on the one-leg-stand test, but the record contains no evidence of what the term clue means. She urges that one of the field-sobriety tests she failed, the horizontal gaze nystagmus test, proved only the presence of alcohol, not legal intoxication. She also points to her husband's testimony that there may have been a language barrier between her and the police, implicitly suggesting that her difficulty understanding English caused her to fail the field-sobriety tests or otherwise appear intoxicated.[1]

We note the record abounds with evidence to support the jury's verdict. The State introduced evidence that an hour-and-a-half after she was stopped, appellant's blood-alcohol concentration was 0.089, above the legal limit of 0.08. Despite her complaints regarding the forensic scientist's qualifications, appellant concedes the forensic scientist's testimony was admitted without objection, thus failing to preserve any issue as to its admissibility. TEX. R. APP. P. 33.1. She instead limits her arguments to the weight of the testimony. Although not sufficient by itself to prove intoxication at the time of driving, evidence of a blood-alcohol concentration above the legal limit less than two hours after the time of driving—even absent expert retrograde

---

[1] The testimony in the record reflects appellant moved to the United States from the Philippines in 2009, and her first language is Tagalog. Her husband testified she learned the basics of the English language in the Philippines, but she has not yet gained proficiency in understanding others or expressing herself in English.

extrapolation testimony—is highly probative to prove both impairment and *per se* intoxication. *Kirsch*, 306 S.W.3d at 745.

Officer Johnson's testimony provided additional evidence to support the jury's finding that appellant was intoxicated. Officer Johnson stated he had been with the Wylie Police Department for three years and had been a part of approximately fifty DWI investigations. He told the jury he observed appellant driving erratically, which prompted him to stop her. He also noted that when he approached her, he observed her bloodshot eyes and the odor of an alcoholic beverage. He testified appellant did not follow the instructions he gave her and failed all of the field-sobriety tests he administered to her. Thus, the record contains evidence that raises an inference appellant was intoxicated at the time she was driving. *Kirsch*, 306 S.W.3d at 745. Additionally, Officer Johnson affirmatively stated that he believed she was intoxicated while she was driving. His testimony as an arresting officer experienced with conducting DWI investigations, considered in the light most favorable to the prosecution, is sufficient to prove the element of intoxication. *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979).

With regard to any implication that appellant's difficulty understanding English and not intoxication caused her to fail the field-sobriety tests, the record contains a video of Officer Johnson's administration, instruction, and demonstration of the field-sobriety tests and appellant's performance of the field-sobriety tests. The jurors could judge for themselves whether her impaired performance appeared to be the product of alcohol or a language barrier. *Zill v. State*, 355 S.W.3d 778, 788 (Tex. App.—Houston 2011 [1st Dist.], no pet.).

We conclude the record contains more than sufficient evidence to support the jury's verdict. Accordingly, we overrule appellant's single issue.

**CONCLUSION**

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

141001F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

JOCELYN UY, Appellant

No. 05-14-01001-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 4, Collin County, Texas
Trial Court Cause No. 004-86182-2013.
Opinion delivered by Justice Schenck.
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 25th day of June, 2015.