PD-1190-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/19/2015 12:24:56 PM
Accepted 10/19/2015 4:33:48 PM
ABEL ACOSTA
CLERK

PDR No. PD-1190-15

_____

In the Court of Criminal Appeals Texas

_____

JAIME LEE GAMEZ, Appellant

V.

THE STATE OF TEXAS

_____

On Appellant's Petition for Discretionary Review
From the Fourteenth Court of Appeals,
Appeal No. 14-14-00203-CR,
On Appeal from the 268th District Court
Of Fort Bend County, Texas
Cause No. 012-DCR-061850

_____

PETITION FOR DISCRETIONARY REVIEW
FOR APPELLANT, JAIME LEE GAMEZ

_____

Oral Argument Requested

Michael C. Diaz
20228 Hwy. 6
Manvel, Texas 77578
Telephone: 281-489-2400
Facsimile: 281-489-2401
Texas Bar No. 00793616

Attorney for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

October 19, 2015

ABEL ACOSTA, CLERK

i

## IDENTITY OF JUDGE, PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. Rule 68.4 (a), appellant certifies that the following is a complete list of the trial court judge, all the parties to the judgment or order appealed from, and the names and addresses of counsel in the trial and on appeal:

Trial Court Judge:
The Honorable Brady G. Elliott
Presiding Judge 268th District Court
Fort Bend County, Texas

Appellant:
Jaime Lee Gamez

Counsel for Appellant:
Lee D. Cox (at trial)
201S. Eleventh Street
Richmond, Texas 77469

Counsel for the State of Texas:
John F. Healey Jr.-District Attorney
Thomas L. Pfeiffer-Trial
John M. Hawkins-Trial
John Harrity-Appeal
Fort Bend County, Texas District Attorney's Office
1422 Eugene Heimann Cir
Richmond, Texas 77469

# Table of Contents

Identity of judge, parties and counsel……………………………………………………ii

Index of Authorities…………………………………………………………………………...v

Statement                         Regarding                         Oral

Argument……………………………………………………vi

Statement                         of                         the

Case…………………………………………………………...........…vii

Procedural History of the Case………………………………………...………………viii

Grounds for Discretionary Review……………………………………………………2

## GROUND ONE

### THE FOURTEENTH COURT OF APPEALS ERRED BY REFUSING TO FIND THAT THE EVIDENCE IS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION FOR DRIVING WHILE INTOXICATED

Reasons to Grant Review in Support of Ground for Review……………………….2

Review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter.

Argument and Authorities In Support Of Grounds for Review…………………….3

Prayer for Relief…………………………………………………….…..12

Certificate of Compliance.…………………………………………………...13

Certificate of Service…...………………………………….………14

Appendix .…………………………………………………….…..15

# INDEX OF AUTHORITIES

CASES:

*Annis v. State*, 578 S.W.2d 406 (Tex. Cr. App., 1979)……………………......…4

*Cloud v. State*, No. 14-07-00847-CR, 2008 WL 2520826, at *2 (Tex. App.—Houston [14th Dist.] June 24, 2008, pet. ref'd) (mem. op., not designated for publication)……………………………………………………….…6,7

*Hartman v. State*, 198 S.W.3d 829 (Tex. App., Corpus Christi-Edinburg 2006)..8, 9

*Irion v. State*, 703 S.W.2d 362 (Tex.App.-Austin, 1986)………………………..5

*Kiffe v. State*, 361 S.W.3d 104 (Tex. App. -Houston [1 Dist.] 2011)…………..4, 5

*Lovett v. State*, No. 14-12-00556-CR, 2013 WL 3243363, at *3 (Tex. App.—Houston [14th Dist.] June 25, 2013, no pet.) (mem. op., not designated for publication)…………………………………………………………5, 6

*Martin v. State*, 724 S.W.2d 135 (Tex.App.-Fort Worth, 1987)…………………...8

*Scott v. State,* 914 S.W.2d 628 (Tex.App.-Texarkana, 1995)……………...……7, 8

STATUTES, CODES AND RULES:

Tex. R. App. P. 9.4(i)…………...…………………………………….....12

Tex. R. App. P. 9.5…………………………………………..…………………………...13

Tex. R. App. P. 66.3(a)…………………………..…………………….………..iii, 2, 3

Tex. R. App. P. 68.4(a)………………………………………………………………..ii

Tex. R. App. P. 68.4(c)…………………………………………………............vi

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. 68.4(c), counsel respectfully requests oral argument. Oral argument would be helpful because this case presents an issue that needs to be resolved by this Court. This appeal involves questions of law, questions of fact, public policy and procedure which cannot be adequately addressed, analyzed and evaluated through written communication alone. Oral argument is essential to emphasize the unique characteristics of these questions and to address the unforeseeable exigencies arising during the Court's consideration of this appeal.

## STATEMENT OF THE CASE

On November 13, 2012, Appellant, was indicted for driving while intoxicated. At trial, there was no evidence of failure of field sobriety tests, a breath test, an accident, swerving from lane to lane or staggering while walking. These factors of intoxication would be stronger, sufficient evidence for a rational jury to find beyond a reasonable doubt that a defendant was intoxicated. There was testimony from a witness, police officer, that there could be other possible reasons for the indicators of intoxication. The jury convicted Appellant of driving while intoxicated third or more, and assessed his punishment at 15 years. The Fourteenth Court of Appeals affirmed the conviction, holding that the evidence was legally sufficient to prove intoxication. This petition challenges that holding.

## PROCEDURAL HISTORY OF THE CASE

On August 4, 2015, the Fourteenth Court of Appeals affirmed Appellant's conviction. <u>Gamez v. State</u>, No. 14-14-00203-CR, slip op. at 1-5, (Tex. App.-Houston [14th Dist.], August 4, 2015, pet. pending). On August 13, 2015, Appellant timely filed his motion for rehearing. The Fourteenth Court of Appeals overruled and denied Appellant's motion for rehearing on August 18, 2015. On October 19, 2015, Appellant timely filed this petition for discretionary review with the Texas Court of Criminal Appeals. TEX. R. APP. P. 4.1 and 68.2.

PDR No. PD-1190-15

_____

In the Court of Criminal Appeals Texas

_____

JAIME LEE GAMEZ, Appellant

V.

THE STATE OF TEXAS

_____

On Appellant's Petition for Discretionary Review
From the Fourteenth Court of Appeals,
Appeal No. 14-14-00203-CR,
On Appeal from the 268th District Court
Of Fort Bend County, Texas
Cause No. 12-DCR-061850

_____

PETITION FOR DISCRETIONARY REVIEW
FOR APPELLANT, JAIME LEE GAMEZ

_____


To The Honorable Justices of the Court of Criminal Appeals:

Comes now Appellant, Jaime Lee Gamez by, and through his attorney of record, Michael C. Diaz, and files this petition for discretionary review of the of the August 4, 2015, decision of the Fourteenth Court of Appeals of Texas in Gamez v. State, No. 14-14-00203-CR, slip op. at 1-5, (Tex. App.-Houston [14th

1

Dist.], August 4, 2015, pet. pending), and would respectfully show the Court the following:

<u>GROUND ONE</u>

<u>THE FOURTEENTH COURT OF APPEALS ERRED BY REFUSING TO FIND THAT THE EVIDENCE IS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION FOR DRIVING WHILE INTOXICATED</u>

<u>Reasons to Grant Review in Support of Ground for Review</u>

Review is appropriate, under Tex. R. App. P. 66.3(a), because the Court Of Appeals has rendered a decision, which is in conflict with the decisions of another court of appeals on the same matter, namely:

Ground One:  *Annis v. State*, 578 S.W.2d 406 (Tex. Cr. App., 1979).

*Cloud v. State*, No. 14-07-00847-CR, 2008 WL 2520826, at *2 (Tex. App.— Houston [14th Dist.] June 24, 2008, pet. ref'd) (mem. op., not designated for publication).

*Hartman v. State*, 198 S.W.3d 829 (Tex. App., Corpus Christi-Edinburg 2006).

*Irion v. State*, 703 S.W.2d 362 (Tex.App.-Austin, 1986).

*Kiffe v. State*, 361 S.W.3d 104 (Tex. App. -Houston [1 Dist.] 2011).

*Lovett v. State*, No. 14-12-00556-CR, 2013 WL 3243363, at *3 (Tex. App.— Houston [14th Dist.] June 25, 2013, no pet.) (mem. op., not designated for publication).

*Martin v. State*, 724 S.W.2d 135 (Tex.App.-Fort Worth, 1987).

*Scott v. State*, 914 S.W.2d 628 (Tex.App.-Texarkana, 1995).

2

In conflict with: *Annis v. State*, 578 S.W.2d 406 (Tex. Cr. App., 1979).

*Cloud v. State*, No. 14-07-00847-CR, 2008 WL 2520826, at *2 (Tex. App.—Houston [14th Dist.] June 24, 2008, pet. ref'd) (mem. op., not designated for publication).

*Hartman v. State*, 198 S.W.3d 829 (Tex. App., Corpus Christi-Edinburg 2006).

*Irion v. State*, 703 S.W.2d 362 (Tex.App.-Austin, 1986).

*Kiffe v. State*, 361 S.W.3d 104 (Tex. App. -Houston [1 Dist.] 2011).

*Lovett v. State*, No. 14-12-00556-CR, 2013 WL 3243363, at *3 (Tex. App.—Houston [14th Dist.] June 25, 2013, no pet.) (mem. op., not designated for publication).

*Martin v. State*, 724 S.W.2d 135 (Tex.App.-Fort Worth, 1987).

*Scott v. State*, 914 S.W.2d 628 (Tex.App.-Texarkana, 1995).

## ARGUMENT AND AUTHORITIES IN SUPPORT OF GROUND FOR REVIEW ONE

In its August 4, 2015, opinion, the Fourteenth Court of Appeals affirmed Appellant's conviction in determining that the evidence is legally sufficient to prove intoxication.

This Court should review this ground and review is appropriate under Tex. R. App. P. 66.3(a), because the Court of Appeals has rendered a decision which is in conflict with the decisions of another court of appeals on the same matter.

In its opinion, the Fourteenth Court of Appeals responded to Appellant's sole point of error by citing and using case law which appears to be in conflict with case law from other Court of Appeals' decisions on the same issue, which Appellant cited and used in his brief. In other words, there is no bright-line rule for determining intoxication. All the cases conflict with one another in interpreting or making a determination of intoxication which leaves a jury to speculate.

As Appellant argued in his brief, although there are cases that indicate the opinion of an officer is sufficient to prove intoxication, those line of cases, again include more factors and corroboration, such as: failure of field sobriety tests, a breath test, an accident, swerving from lane to lane and staggering while walking, that contributed to the officer's opinion. None of these factors were present in this case.

In its opinion, this Court cited the following cases, to support its holding that in a DWI prosecution, generally evidence is sufficient to prove intoxication when the arresting officer opines that a person is intoxicated based on observed cues of intoxication:

*Annis*, Trooper Martin, the arresting officer, testified that he formed an opinion as to appellant's intoxication prior to and independent of the "breathalyzer" test. Supporting this independent opinion, Trooper Martin stated that while

following appellant's vehicle he noticed the vehicle swerve across a lane-dividing stripe several times. When Trooper Martin attempted a traffic stop, appellant pulled into the parking lot of a tavern and parked. Approaching appellant, Trooper Martin observed that appellant appeared disorderly and that his speech was "mush-mouthed." Appellant's eyes were red and his breath smelled of alcohol. Further, Appellant swayed from side to side when walking or standing. *Annis v. State*, 578 S.W.2d 406 (Tex. Cr. App., 1979).

In *Kiffe*, the appellant nearly rear-ended the vehicle in front of him, but at the last moment again swerved, clipping the rear driver-side door of that vehicle and then crossed into oncoming traffic and struck the front of the other vehicle. Both airbags deployed in the other vehicle, which was totaled in the collision. Immediately after the collision, the witness, whose car was struck, stated that Kiffe appeared drunk. According to the witness, Kiffe staggered when he walked, slurred his speech when he spoke, and had the smell of alcohol on his breath. Another witness also thought Kiffe was drunk and testified that Kiffe had a "discombobulated look on his face" and staggered around as if he could not maintain his balance. He said that Kiffe looked "just ... out of it." Trooper Terry observed that Kiffe had an unstable gait, pinpointed pupils, and slurred speech. Based on these characteristics and his experience as a state trooper, Trooper Terry concluded that Kiffe was intoxicated. While in route to the hospital, Kiffe told the

EMS technicians that he had taken "1/2 a bar of Xanax" the night before the accident. He denied any alcohol or drug use on the day of the accident. *Kiffe v. State*, 361 S.W.3d 104 (Tex. App. -Houston [1 Dist.] 2011).

In *Irion*, Officer Olvera of the Austin Police Department observed appellant's car weaving from lane to lane on Research Boulevard. The vehicle continued weaving after turning onto Burnet Road, while traveling 30 to 35 miles per hour in a 45 miles-per-hour zone. After stopping appellant's car, Officer Olvera asked her to exit her vehicle. He observed that her eyes were bloodshot, her breath smelled of alcohol, and she swayed from side to side. Appellant then performed poorly on several field sobriety tests. *Irion v. State, 703 S.W.2d 362* (Tex.App.-Austin, 1986).

In *Lovett*, the officer administered a horizontal-gaze nystagmus (HGN) field-sobriety test on the appellant and concluded that appellant exhibited six clues of intoxication. The officer also attempted to administer a walk-and-turn field sobriety test and had explained the instructions for the test to appellant. Appellant expressed a desire to walk along a painted yellow line in the parking lot instead of walking along an imaginary line as the officer instructed. Appellant also expressed a desire to record the test with his cell phone and removed the phone from his pocket to film the test. Appellant refused the officer's instructions to put his phone

6

away to perform the test. The officer characterized appellant's demeanor as belligerent. The officer placed appellant under arrest, believing appellant to be intoxicated based on appellant's demeanor, bloodshot eyes, slurred speech, unsteadiness, and the odor of alcohol on appellant's breath. *Lovett v. State*, No. 14-12-00556-CR, 2013 WL 3243363, at *3 (Tex. App.—Houston [14th Dist.] June 25, 2013, no pet.) (mem. op., not designated for publication).

In *Cloud*, Appellant was driving a truck on Interstate Highway 10 on January 13, 2007, when he passed Officer Charles Beckworth. Officer Beckworth testified that he had detained another driver for a traffic violation and was exiting his vehicle when appellant came by me in his truck and almost hit me. I had to lean up against the patrol car. Officer Beckworth finished writing the citation, pursued appellant, and pulled him over. When he approached the driver's side window of appellant's truck, he smelled alcohol and saw that appellant had red eyes and flushed skin. Officer Beckworth asked appellant to exit the vehicle, and when appellant did so he appeared unsteady. Officer Beckworth testified that appellant's speech was slurred. Officer Beckworth told appellant to spit out his chewing gum, and when appellant did so, Officer Beckworth smelled alcohol on his breath. Officer Beckworth also testified that appellant tore off the bracelet he was wearing, which appeared to be a paper bracelet allowing admission to a bar or nightclub. Appellant stated he had come from the Katy Mills Mall. Officer

Beckworth testified that there was only one place open at that hour at the Katy Mills Mall, a nightclub called Midnight Rodeo. Appellant refused to perform any field sobriety tests at the site of the stop. Appellant later refused to take a breathalyzer test. *Cloud v. State*, No. 14-07-00847-CR, 2008 WL 2520826, at \*2 (Tex. App.—Houston [14th Dist.] June 24, 2008, pet. ref'd) (mem. op., not designated for publication).

Appellant relied upon *Annis*, *Kiffe* and *Irion* and the following in his brief to distinguish these cases because of the lack of more factors and corroboration which are sufficient to prove intoxication.

In *Scott*, the State's evidence in this case was given by the arresting officer, Charles Marsh. He testified that he was patrolling on Stemmons Freeway in Dallas on February 14, 1994, at about 11:45 p.m., when he observed an automobile driven by Scott swerve back and forth three or four times, straddling the centerline of its lane of traffic. He pulled the car over to investigate the offense of failure to maintain a single lane. He asked Scott if he had been drinking, and Scott said he had "two or three." The officer testified that Scott's eyes were red, he smelled of alcohol, there was a slight slur in his speech, and he was unsteady on his feet. Marsh said he had Scott perform a straight-line test, and that Scott lost his balance

and "fell off to the side" two or three times. Marsh gave Scott no other test. *Scott v. State*, 914 S.W.2d 628 (Tex.App.-Texarkana, 1995).

In *Martin*, the officer testified that appellant stumbled as he got out of his car, he staggered and swayed as he stood, his speech was slurred and his tongue was thick, his eyes bloodshot and watery, and his hand-eye coordination was sluggish. The officer also testified that appellant failed three field sobriety tests conducted at the scene of the arrest. Appellant failed the horizontal gaze and astigma test, he could not count from one to four on his fingers, and he could not recite the alphabet out loud. While in jail, Appellant consented to taking the intoxilyzer test. The test was administered to Appellant at approximately 7:00 p.m. the same day. The test results indicated that Appellant's blood alcohol content was 0.21%, over twice the legal limit. *Martin v. State*, 724 S.W.2d 135 (Tex.App.-Fort Worth, 1987).

In *Hartman*, Trooper Phillip Gonzales stopped Hartman after radar detected she was driving eighty-three miles per hour on an interstate highway. Trooper Gonzales approached Hartman's vehicle and detected a strong odor of alcohol emanating from Hartman and her vehicle. He observed a nearly-empty bottle of vodka on the front seat of her vehicle.[2] Hartman admitted to Trooper Gonzales that she last consumed a few drinks, "something stronger than beer," at about 10:30

p.m. After Hartman failed the standard field sobriety tests, Trooper Gonzales arrested her for driving while intoxicated. *Hartman v. State*, 198 S.W.3d 829 (Tex. App., Corpus Christi-Edinburg 2006).

In this case, there is no evidence of failure of field sobriety tests, a breath test, an accident, swerving from lane to lane or staggering while walking. These factors of intoxication would be stronger, sufficient evidence for a rational jury to find beyond a reasonable doubt that a defendant was intoxicated.

In addition, the only possible indicators of intoxication according to Officer Gonzales' testimony were: the Appellant was driving the wrong way on the freeway, (RR 4 at 27), unsteady and unbalanced (RR 4 at 28), red bloodshot eyes, (RR 4 at 29), possible urine on Appellant, (RR 4 at 25), could smell a strong odor of alcoholic beverage emanating from the Appellant's breath and person, (RR 4 at 16), the Appellant refused field sobriety tests, (RR 4 at 18), the Appellant refused the blood test, (RR 4 at 22) and bottles of beer inside Appellant's vehicle. (RR 4 at 23).

Morales testified that the only indicators that the Appellant was intoxicated were: a little dazed and confused, speech was very slurred, appeared to have urinated on himself and he refused to perform field sobriety tests Officer Gonzales had requested. (RR 4 at 80).

However, on cross examination of Gonzales, he conceded that there could be other possible reasons for the indicators of intoxication. In addition, Morales said that it is entirely possible that the wet spot on the Appellant's pants came from that beer possibly spilling when it was sitting in his lap. Morales had never met the Appellant before that night and never heard him talk before yet didn't have a hard time understanding him that night. Morales said that a mistake was made by not drawing the Appellant's blood because of his prior convictions. (RR 4 at 85-89).

It is clear from the argument, authorities, and statements from the record that this Court has committed error in its judgment. This Court draws an incorrect conclusion in that none of those particular facts are required for a rational jury to find beyond a reasonable doubt that a defendant was intoxicated. Reviewing the evidence discussed above and the entire record, a rational jury could not have found that appellant was intoxicated without more factors and corroboration.

11

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant, Jaime Lee Gamez, prays that this Court grant the Petition for Discretionary Review for Appellant, order briefing on this cause, and set it for submission at the earliest possible date. Moreover, upon submission and review of the appellate record and the briefs and arguments of counsel, the Court issue an opinion resolving this conflict so that the bench and bar of this state will know how to address and dispose of similar issues in the future.

Respectfully submitted,

/s/Michael C. Diaz
Michael C. Diaz
20228 Hwy. 6
Manvel, Texas 77578
Telephone: 281-489-2400
Facsimile: 281-489-2401
State Bar No. 00793616
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. 9.4 (i) 3, I hereby certify that the foregoing document, Appellant's Petition for Discretionary Review, filed on October 19, 2015, has 3336 words, based upon the word count under Microsoft Word.

/s/ Michael C. Diaz
Michael C. Diaz
20228 Hwy. 6
Manvel, Texas 77578
Telephone: 281-489-2400
Facsimile: 281-489-2401
Texas Bar No. 00793616
E-mail: mjoeldiaz@sbcglobal.net
Attorney for Appellant

13

## CERTIFICATE OF SERVICE

In accordance with TEX. R. APP. P. 9.5, I, Michael C. Diaz, certify that a true and correct copy of the foregoing Petition for Discretionary Review has been served by hand delivery, to the Fort Bend County District Attorney's Office, 1422 Heimann Circle, 2nd Floor, Richmond, Texas 77469, on this the 19th day of October, 2015.

/s/Michael C. Diaz
Michael C. Diaz

APPENDIX



In The

# Fourteenth Court of Appeals

### NO. 14-14-00203-CR

### JAIME LEE GAMEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-DCR-061850**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Jaime Lee Gamez guilty of felony driving while intoxicated (DWI), enhanced by a prior felony DWI, and assessed punishment at fifteen years' confinement. *See* Tex. Penal Code Ann. §§ 12.42(b), 49.04, 49.09(b)(2). In two issues, appellant contends (1) the evidence is legally insufficient, and (2) the trial court erred by denying appellant's motion to suppress. We affirm.

### I.    SUFFICIENCY OF THE EVIDENCE

In his first issue, appellant contends the evidence is legally insufficient to prove

he was intoxicated. Appellant argues that because there is no evidence his blood alcohol concentration was 0.08 or more, the "only issue is whether [he] did not have his normal use of his mental or physical faculties due to alcohol." *See* Tex. Penal Code Ann. § 49.01(2) (defining "intoxicated").

"In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014) (quotation omitted); *see also Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). In reviewing historical facts that support conflicting inferences, we must presume that the jury resolved any conflicts in the State's favor, and we must defer to that resolution. *Whatley*, 445 S.W.3d at 166. "[A]n inference is a conclusion reached by considering other facts and deducing a logical consequence from them." *Id.* (alteration in original) (quotation omitted).

In a DWI prosecution, generally evidence is sufficient to prove intoxication when the arresting officer opines that a person is intoxicated based on observed cues of intoxication. *See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979) (sufficient evidence based on arresting officer's opinion testimony); *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) ("Also, as a general rule, the testimony of an officer that a person is intoxicated provides sufficient evidence to establish the element of intoxication for the offense of DW[I]."); *accord Irion v. State*, 703 S.W.2d 362, 364 (Tex. App.—Austin 1986, no writ); *see also Lovett v. State*, No. 14-12-00556-CR, 2013 WL 3243363, at *3 (Tex. App.—Houston [14th Dist.] June 25, 2013, no pet.) (mem. op., not designated for publication); *Cloud v. State*, No. 14-07-00847-CR, 2008 WL 2520826, at *2 (Tex. App.—Houston [14th Dist.] June

2

24, 2008, pet. ref'd) (mem. op., not designated for publication).

Here, two police officers stopped appellant because he was driving the wrong way on a freeway. Officer Benny Gonzalez opined that appellant was intoxicated because appellant (1) had a strong odor of alcohol emanating from his person and breath; (2) did not realize he was driving the wrong way on the freeway; (3) was unsteady on his feet and unbalanced; (4) had red, bloodshot eyes; (5) appeared to have urinated on himself, which is common for DWI suspects; and (6) refused field sobriety tests and a blood test. There was also an open bottle of beer on the floorboard of the driver's side of appellant's vehicle. On cross-examination, Gonzalez acknowledged that appellant did not stumble or fall, and it was possible the wet spot on appellant's pants was from a spilled beer rather than urine. Sergeant Marty Morales also testified that he believed appellant was intoxicated, and appellant (1) had slurred speech; (2) was dazed and confused; and (3) urinated on himself. On cross-examination, Morales acknowledged that it was a mistake to not have tested appellant's blood for alcohol.

Appellant cites six cases in which various appellate courts affirmed convictions for DWI,[1] and he attempts to distinguish those cases because there is no evidence that appellant failed field sobriety tests or a breath test, was in an accident or swerved from lane to lane, or staggered while he walked. However, none of those particular facts is required for a rational jury to find beyond a reasonable doubt that a defendant was intoxicated. Reviewing the evidence discussed above and the entire record, a rational jury could have found that appellant was intoxicated. *See, e.g.*, *Jackson v. State*, No. 14-13-00170-CR, — S.W.3d —, 2015 WL 3459521, at *2–3 (Tex. App.—Houston [14th Dist.] May 28, 2015, no pet. h.) (sufficient evidence of intoxication existed when

---

[1] *See Annis*, 578 S.W.2d 406; *Kiffe*, 361 S.W.3d 104; *Hartman v. State*, 198 S.W.3d 829 (Tex. App.—Corpus Christi 2006, pet. struck); *Scott v. State*, 914 S.W.2d 628 (Tex. App.—Texarkana 1995, no pet.); *Martin v. State*, 724 S.W.2d 135 (Tex. App.—Fort Worth 1987, no pet.); *Irion*, 703 S.W.2d 362.

3

the defendant wore disorderly clothing and had an unsteady gait and stance, incoherent speech, red and glassy eyes, and a combative behavior; the defendant's breath smelled of alcohol; the defendant refused a breath test and field sobriety tests; a fresh alcoholic beverage was found in the vehicle; and a police officer opined that the defendant was intoxicated); *Kiffe*, 361 S.W.3d at 106, 108–09 (sufficient evidence of intoxication existed when an officer opined that the defendant was intoxicated because he observed slurred speech, unstable gait, and pinpointed pupils, and the defendant was swerving in and out of his lane, struck another vehicle, and drove into oncoming traffic; officer did not conduct a field sobriety test or smell alcohol); *see also Lovett*, 2013 WL 3243363, at *3 ("As a general rule, the testimony of a peace officer that a person is intoxicated provides sufficient evidence to establish the element of intoxication."). The evidence is legally sufficient to prove intoxication.

Appellant's first issue is overruled.

## II.    MOTION TO SUPPRESS

In his second issue, appellant contends the trial court abused its discretion by denying appellant's motion to suppress. He contends that the officers "lacked any probable cause to arrest [him] for driving while intoxicated." Appellant appears to be urging that an unlawful arrest occurred when the officers stopped appellant's vehicle, ordered him out at gunpoint, and briefly handcuffed him. Then, the officers uncuffed appellant and began questioning him to investigate a possible DWI. The officers asked appellant to take field sobriety tests several times, and after appellant refused to perform the tests, the officers arrested him for DWI.

However, appellant's counsel concedes that the undisputed facts support appellant being "under arrest at the moment Gonzales drew his gun ***for the offense of driving the wrong way***." *See* Tex. Transp. Code Ann. § 545.063 (operator shall drive on the right roadway of a divided freeway); *id.* § 543.001 (peace officer may arrest

person violating the rules of the road). The test for probable cause for a warrantless arrest is "whether at the moment of the arrest the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense." *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002) (quotation omitted). Here, the officers observed appellant violating the rules of the road by driving on the wrong side of the freeway. The trial court would not have abused its discretion in concluding that the officers had probable cause to arrest appellant at the beginning of the traffic stop, and so an arrest occurring at that time would have been lawful.[2]

Appellant's second issue is overruled.

### III. CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/    Sharon McCally
        Justice

Panel consists of Justices Boyce, McCally, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] To the extent appellant is complaining about his arrest at the conclusion of the traffic stop, we note that the trial court in fact suppressed all verbal statements obtained after appellant unequivocally refused the field sobriety test for the first time.

Appellant limits his argument on appeal to the issue of probable cause. He does not contend, as trial counsel did, that he was subject to a custodial interrogation without receiving adequate *Miranda* warnings.