ACCEPTED
03-15-00228-CR
6910062
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/14/2015 1:40:44 PM
JEFFREY D. KYLE
CLERK

# THIRD DISTRICT COURT OF APPEALS

## AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/14/2015 1:40:44 PM
JEFFREY D. KYLE
Clerk

———————————

## NO. 03-15-00228-CR
———————————

## CLIFTON CREWS HOYT,
### Appellant

## versus

## STATE OF TEXAS,
### Appellee

_____

**On Appeal from A DWI Conviction Obtained in the 391ST Judicial District Court, TOM GREEN County, MARCH 17, 2015, No. D-13-0316-SB, Honorable TOM GOSSETT, Judge Presiding**

_____

## <u>APPELLANT'S ORIGINAL BRIEF</u>

By: */s/ John T Floyd*
John Thomas Floyd III
Texas Bar No. 00790700
By: */s/ Christopher M. Choate*
Christopher M. Choate
Texas Bar No. 24045655
Principal Office
The Kirby Mansion
2000 Smith Street
Houston, TX 77002
Tel: 713-224-0101
Fax: 713-237-1511
Attorneys for Appellant

# IDENTITY OF PARTIES AND COUNSEL

John T. Floyd III, SBOT No. 00790700, Appellant's trial counsel, Principal Office, The Kirby Mansion, 2000 Smith Street, Houston, Texas 77002, Tel: 713-581-1060.

Christopher M. Choate, SBOT 24045655, Appellant's trial counsel, Principal Office, The Kirby Mansion, 2000 Smith Street, Houston, Texas 77002, Tel. 713-581-1060.

Richard Villarreal, SBOT 00797602, Assistant District Attorney, Tom Green County, 124 West Beauregard, San Angelo, Texas 76903, Tel: 325-659-6583.

Honorable Tom Gossett, Tom Green County, 112 W. Beauregard, San Angelo, Texas. 76903, Tel: 325-659-6569.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ i

TABLE OF CONTENTS.............................................................................. ii

TABLE OF AUTHORITIES ......................................................................... ii

1. STATEMENT OF THE CASE................................................................... 1

2. STATEMENT REGARDING ORAL ARGUMENT ........................................ 2

3. ISSUES PRESENTED............................................................................ 2

4. STATEMENT OF THE FACTS ................................................................ 2

5. ISSUE ONE: THE TRIAL COURT ERRED................................................ 5

WHEN IT DENIED THE MOTION TO SUPPRESS ......................................... 5

    A. Summary....................................................................................... 5

    B.  Discussion ................................................................................... 6

6. ISSUE TWO: THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT....... 11

A CONVICTION FOR DRIVING WHILE INTOXICATED............................... 11

    A.  Summary.................................................................................... 11

    B. Discussion .................................................................................. 12

PRAYER.............................................................................................. 14

CERTIFICATE OF SERVICE .................................................................... 15

CERTIFICATE OF COMPLIANCE.............................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009)....................... 10, 11

*Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979) ......................... 13, 14

*Brooks v. State*, 323 S.W.3d 912, 926 (Tex. Crim. App. 2010) ..............................12

*Condarco v. State*, 2013 Tex. App. LEXIS 10741
    (Tex. App.—Austin, Aug. 27, 2013)........................................................13

*Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)...............................14

*Douds v. State*, 434 S.W.3d 842 (Tex. App—Houston [14th Dist.] 2014) ..............12

*Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005) .................... 6, 8, 9, 11

*Garcia v. State*, 827 S.W.2d 937, 934 (Tex. Crim. App. 1992) ..............................7

*Maryland v. Pringle*, 540 U.S. 366, 371,
   124 S.Ct. 95, 157 L.Ed.2d 769 (2003) ....................................................................11
*Whren v. United States*, 517 U.S. 806, 813,
   116 S.Ct. 1769, 151 L.Ed.2d 89 (1996) ..................................................................11

**Statutes**

TEX. PENAL CODE § 49.04..........................................................................................1
TEX. TRANSP. CODE § 724.012..................................................................................12

**Rules**

Tex. R. App. P. 38.1...................................................................................................2
Tex. R. App. P. 9.4...................................................................................................15

iii

# 1. STATEMENT OF THE CASE

This appeal is from a DWI conviction obtained pursuant to TEX. PENAL CODE § 49.04.

In February 2013, appellant was charged in a one count indictment with driving while intoxicated. The count had a second enhancement paragraph.

On February 3, 2015, appellant signed a waiver of a jury trial and submitted the waiver to the court.

On March 17, 2015, a bench trial of this matter was conducted in Tom Green County, Texas before the Honorable Tom Gossett. All references hereinafter to the trial record will be referred to as "TR".

The defense filed a pretrial Motion to Suppress. Defense counsel renewed the motion during trial. Judge Gossett permitted the defense to take the State's sole witness, Officer Antonio Aguilar, on voir dire concerning this motion. Following Officer's Aguilar testimony, Judge Gossett denied the motion. (TR, Vol. 2, p. 29-50).

On March 17, Judge Gossett convicted appellant on Count One in the indictment, a third degree felony, and found the enhancement paragraph true based on appellant's plea, making his conviction a second degree felony. *Id*., at 79.

Judge Gossett sentenced the appellant to fourteen (14) years in the custody of the Texas Department of Criminal Justice. *Id*., at 84. The sentence was ordered

to run concurrent to a 12-year sentence previously imposed by Judge Gossett for another DWI conviction. *Id.*, at 85.

Defendant timely filed a notice of appeal and the trial record was prepared and submitted to the court. Thus, this appeal is properly before the court.

## 2. STATEMENT REGARDING ORAL ARGUMENT

Inasmuch as the issues presented by this appeal are based exclusively on the trial record, undersigned counsel does not believe the decisional process would be aided by oral argument.  Tex. R. App. P. 38.1(e).

## 3. ISSUES PRESENTED

1. Whether the trial court erred in its denial of appellant's motion to suppress based on lack of probable cause to detain after initial traffic stop.

2. The legal and factual evidence was insufficient at trial that the appellant was driving while intoxicated pursuant to TEX. PENAL CODE § 49.04.

## 4. STATEMENT OF THE FACTS

Testimony at trial by the State's sole witness, San Angelo Police Department patrol officer Antonio Aguilar, revealed the officer was patrolling a section of San Angelo assigned to him on February 13, 2013. (TR., Vol. 2, p. 12-13). Officer Aguilar received a "broadcast message" about a reckless driver. *Id.*, at 14. A description of the reckless driver's vehicle license plate was provided in the

2

message. *Id.* The vehicle was a motorcycle. *Id.* Officer Aguilar ran the license plate and discovered it was registered to the appellant. *Id.*, at 14-15.

Officer Aguilar testified that he was sitting at a light at Bryant and Knickerbocker when he saw the motorcycle pass by. (TR., Vol. 2, p. 15). The officer pulled in behind the motorcycle which he identified from the broadcast message and recognized the appellant as its driver. *Id.* Officer Aguilar said he "knew" appellant's driver's license was "invalid at the time." *Id.* However, during voir dire questioning, the officer admitted that he had not "confirmed" whether the appellant's driver's license was invalid. *Id.*, at 31. The officer nonetheless said he "activated" his lights to pull appellant over once the light turned green. *Id.*, at 15.

Officer Aguilar said it took several blocks before the appellant pulled over his motorcycle. (TR., Vol. 2, p. 15). The officer said two additional factors caught his attention about appellant: 1) appellant was wearing "shorts" on a cold, windy day and 2) appellant exhibited acceleration when he pulled away from the light, a violation of a city ordinance. *Id.*, at 15-16. However, on voir dire examination, Officer Aguilar testified that he did not believe the exhibition of acceleration endangered any other motorists. *Id.*, at 33.

Officer Aguilar testified that once he pulled the appellant over, he observed that besides wearing shorts, appellant "was very agitated, fidgety, seemed to be having a hard time holding still. Everything just seemed off; it was outside the

3

norm." *Id*., at 18. This behavior led the officer to believe he had to conduct an "intoxication investigation." *Id*. Officer Aguilar testified he was certified both in Standard Field Sobriety Testing (SFST) and Drug Recognition Evaluation (DRE). *Id*. As part of this training, the officer said he was also certified to conduct the horizontal gaze nystagmus (HGN) component of the SFST. *Id.*, at 20.

Officer Aguilar testified that he did not observe any nystagmus in appellant's eyes. (TR., Vol 2, p. 20). The officer added that an absence of nystagmus indicates a subject has not consumed alcohol, and nystagmus would not be present if the subject has consumed marijuana. *Id*., at 21. Officer Aguilar further said he did not smell the odor of alcohol on appellant. *Id*. The officer then testified that he performed the "walk-and-turn" part of the SFST on appellant. *Id*., at 22. Of the eight clues for alcohol determination in the "walk-and-turn" test, Officer Aguilar observed only three clues in appellant's test. *Id*. The officer next administered the "one-leg stand" part of the SFST, and found the appellant indicated three out of the four clues in this particular test." *Id.*, at 23.

Based on the foregoing clues, Officer Aguilar made a determination that the appellant was intoxicated. (TR., Vol. 2, p. 25). The officer arrested appellant and searched him. *Id.*, at 25. He removed a "baggy" from appellant's pocket. *Id.*, at 26. According to Officer Aguilar, appellant volunteered the substance in the bag was marijuana. *Id*. The officer testified he believed the substance was marijuana. *Id*.

4

Officer Aguilar requested that appellant provide a breath sample, which appellant refused to do. *Id.*

The State did not conduct a forensic analysis of the substance in the baggy. If it did so, the State did not call the expert who conducted the analysis. Further, Officer Aguilar did not perform a DRE and did not seek a warrant to obtain a blood draw as he was permitted to do under Texas law. (TR., Vol. 2, p. 37-39).

## 5. ISSUE ONE: THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION TO SUPPRESS

### A. Summary

Officer Aguilar did not have probable cause to stop and detain appellant. He had a broadcast about a reckless driver on a motorcycle. He had the license plate number of the motorcycle. Before he ever encountered the motorcyclist, the officer ran the license plate of the motorcycle and determined it was registered to appellant. At that point, he made an unverified assumption that appellant was driving the motorcycle without a valid license, based on appellant's previous license suspensions. Once he spotted appellant on the motorcycle, Officer Aguilar activated his lights and pulled the appellant over. The stop, thus, had nothing to do with reckless driving.

The officer did not observe any of the classic signs of alcohol intoxication: odor of alcohol, bloodshot eyes, slurred speech, or unsteadiness. As for drug intoxication, Officer Aguilar observed appellant wearing shorts on a mild winter

day; observed that appellant appeared to be agitated and fidgety; and observed that everything just seemed to be "out of the norm." The officer did not detect the odor marijuana on appellant. Yet he impermissibly presumed that appellant was intoxicated because of appellant's prior use of marijuana.

The foregoing factors did not give Officer Aguilar sufficient probable cause to detain appellant for the purpose of conducting a SFST.

## B. Discussion

This case is about the evidentiary value of a police officer's "hunch" when it comes to determining probable cause. The trial record of this case is void of any specific, articulable facts upon which the court can make a proper assessment of whether the Officer Aguilar's hunch was objectively reasonable. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).

Based on the dispatcher's notification, Officer Aguilar had probable cause to be on the lookout for a reckless motorcyclist. He testified that once he identified the motorcycle and its operator as the appellant, he decided to pull the appellant over for driving without a valid license. He had not observed appellant driving in a reckless manner, nor had the officer run a license check to determine if the appellant's driver's license had actually been suspended.

While Officer Aguilar said he observed appellant exhibit excessive acceleration when pulling away from a traffic light, that observation was made

6

*after* he initiated a traffic stop by activating his lights and pulling appellant over for a suspected invalid license. Moreover, the officer admitted that the acceleration was not "reckless" nor did it endanger any other motorists.

More to the point, the State did not elicit one word of testimony from Officer Aguilar about whether he even asked for appellant's driver's license once the stop was made, much less run a check to determine if the license was valid. Thus, it is objectively reasonable to determine that the officer's decision to initiate the traffic stop for an invalid license was merely a pretext to conduct what he described as an "intoxication investigation." (TR., Vol. 2, p. 18). This pretext was based on Officer Aguilar's prior encounters with appellant dealing with DWI issues, as evidenced by the fact that the officer, prior to initiating the invalid license stop, reached out to a fellow officer to say appellant was on the road again. *Id.*, at 30-31.

The law in Texas is well-settled that if an officer suspects a person has committed a traffic violation, he may legally initiate a traffic stop. *Garcia v. State*, 827 S.W.2d 937, 934 (Tex. Crim. App. 1992). An officer's decision to initiate a traffic stop for an invalid license would therefore be reasonable, so long as the officer had specific, articulable facts—rather than assumptions—to support the belief that a traffic violation had occurred. The officer's decision would further be bolstered if he sought the driver's license information and conducted a check of the license's validity.

In the instant case, however, Officer Aguilar did not ask appellant for his driver's license and he did not verify whether the appellant's license was valid. Officer Aguilar's actions therefore sufficiently demonstrated that the presumed invalid license was a pretext to detain appellant so the officer could conduct an intoxication investigation—an investigation for which he did not have probable cause to conduct.

The Court of Criminal Appeals in *Ford* observed:

> "An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law. Reasonable suspicion if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would leave him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. A reasonable suspicion determination is made by considering the totality of the circumstances." *Id.*, at 492-93.

As for Officer Aguilar's assertion that appellant's acceleration from the light provided additional probable cause to initiate the stop, the *Ford* court had this to say:

> The court of appeals stated that "Trooper Peavy testified that he saw [Ford] following another car at a distance that Peavy believed was insufficient and, thus, in violation of the statute." While this may be a permissible interpretation of Peavy's "following too close" testimony, *it does not change its conclusive character into specific,*

8

*articulable facts*. And attempting to do so requires a strained reading of the record. As indicated from Peavy's testimony, Peavy only stated that Ford was "following too close." The record reveals an absence of any facts allowing an appellate court to determine the circumstances upon which Peavy could reasonably conclude that Ford actually was, had been, or soon would have been engaged in criminal activity. Instead, *the trial court was presented only with a conclusory statement that Ford was violating a traffic law*. We do not quarrel with the notion that Peavy may have in fact believed that Ford was following another car too closely. Nor do we dispute that the trial judge is free to believe or disbelieve Peavy's testimony. *But without specific, articulable facts, a court has no means in assessing whether this opinion was objectively reasonable*.

When a trial court is not presented with such facts, the detention cannot be "subjected to the more detached, neutral scrutiny of a judge who must evaluate the reasonableness of a particular search or seizure in light of the particular circumstances." And "when sucha stop is not based on objective criteria, the risk of arbitrary and abusive police practices exceeds tolerable limits." Allowing a police officer's opinion to suffice in specific facts' stead eviscerates *Terry*'s reasonable suspicion protection. If this Court were to hold as the dissent suggests, we would be removing the "reasonable" from reasonable suspicion. Therefore, we adhere to the principle that specific, articulable facts are required to provide a basis for finding reasonable suspicion. *Mere opinions are ineffective substitutes for specific, articulable facts in a reasonable-suspicion analysis*." *Id.*, at 493 (emphasis added).

Thus, Officer Aguilar's assertion that appellant violated a city ordinance when he accelerated from the traffic light is nothing more than a mere opinion not supported by "specific, articulable facts in a reasonable-suspicion analysis." The

officer's own testimony and the video introduced into evidence by the State did not support the alleged acceleration.

Additionally, there were no other factors which could have provided Officer Aguilar with the "reasonable suspicion" upon which he could rely to detain appellant for an intoxication investigation. Wearing shorts in a mild winter day while riding a motorcycle does not satisfy the "reasonable-suspicion analysis" to justify appellant's detention for the intoxication investigation. Moreover, the officer's observation that appellant was agitated and fidgety came after he had decided to initiate that investigation. Wearing shorts on a mild winter day, combined with a subject's agitation and fidgetiness, without more, are not "specific, articulable facts" upon which to launch an intoxication investigation and make a warrantless arrest.

Under the Fourth Amendment, a warrantless arrest for an offense committed in the officer's presence is reasonable if the officer has probable cause. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). In the context of a warrantless arrest, probable cause exists "if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent man in believing that the person arrested committed or was committing an offense." *Id*., at 878.

Officer Aguilar did not have any "reasonably trustworthy information" that appellant was operating the motorcycle without a valid license; that he had violated a city traffic ordinance when he accelerated from the light; or that he was intoxicated on any substance. The test for probable cause "is an objective one, unrelated to the subjective beliefs of the arresting officer, and it requires a consideration of the totality of the circumstances facing the arresting officer." *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S.Ct. 95, 157 L.Ed.2d 769 (2003).

Thus, the shorts, agitation, and fidgetiness are subjective opinions of Officer Aguilar that cannot be considered by this court. *Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 151 L.Ed.2d 89 (1996). The court can only consider whether Officer Aguilar had specific, articulable facts to warrant the initial traffic stop that led to the detention, warrantless arrest, and subsequent search of appellant. *Ford*, 158 S.W.3d at 493; *Amador*, 275 S.W.3d at 878.

As demonstrated conclusively herein, Officer Aguilar did not have such specific, articulable facts to warrant the initial traffic stop, and it was therefore error for the trial court to deny the motion to suppress.

### 6. ISSUE TWO: THERE WAS INSUFFICENT EVIDENCE TO SUPPORT A CONVICTION FOR DRIVING WHILE INTOXICATED

### A. Summary

The evidence presented by the State at the bench trial was both legally and factually insufficient. The only evidence of guilt presented by the State was

11

through the testimony of Officer Aguilar. Thus, if the officer's mere opinions about appellant's drug intoxication lacked "specific, articulable facts," then the evidence was legally insufficient to sustain appellant's conviction.

There was no physical evidence of either alcohol or drug intoxication. There was no breath sample, blood draw, or forensic analysis of the suspected marijuana. Thus, the evidence was factually insufficient to sustain appellant's conviction.

## B. Discussion

Both legal and factual claims of insufficiency of evidence involve the same standard of review. *Brooks v. State*, 323 S.W.3d 912, 926 (Tex. Crim. App. 2010). The State's evidence of guilt consisted solely of Officer Aguilar's "opinions," not any specific, articulable facts.

Standard traffic stops in Texas that lead to DWI suspicion and/or determinations allows detaining officers to run a criminal background check to determine if the suspected DWI driver has prior DWI convictions. TEX. TRANSP. CODE § 724.012(b)(3)(B). If the criminal background check reveals two or more DWI convictions, the law today is that a breath or blood sample is obtainable after securing a search warrant. *Douds v. State*, 434 S.W.3d 842 (Tex. App—Houston [14th Dist.] 2014).

First, the State did not offer any evidence as to whether Officer Aguilar conducted a TEX. TRANSP. CODE § 724.012(b)(3)(B) background check; and,

12

second, the State did not offer any evidence as to why the officer did not seek a mandatory blood draw.

Furthermore, Appellant's performance of the SFST tests are irrelevant inasmuch as Officer Aguilar stated he did not believe appellant was intoxicated by alcohol. The officer believed appellant's purported intoxication was caused by marijuana yet he did not perform the DRE. Instead, he made this intoxication determination based solely on the fact that appellant wore shorts on a mild winter day while driving a motorcycle and that he exhibited agitation and fidgetiness during the investigation period.

This Court has followed the lead of the Texas Court of Criminal Appeals that, in general, an officer's testimony that a person was intoxicated provides sufficient evidence to establish the intoxication element of the offense of DWI. *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); *Condarco v. State*, 2013 Tex. App. LEXIS 10741 (Tex. App.—Austin, Aug. 27, 2013). However, the testifying officer must present some evidence of intoxication: lacking normal use of mental or physical faculties; and/or signs of impairment such as slurred speech, bloodshot eyes, odor of alcohol/drugs, unsteady balance, or staggering gait. *Condarco*, at * 17. Officer Aguilar did not present any such evidence, except for the unsteadiness appellant exhibited during the "one-leg stand" test.

It should be noted by the Court that the officer's testimony in *Annis* was corroborated by a positive breath test. There was no breath test or blood draw evidence in appellant's case. The only evidence indicating alcohol intoxication was appellant's poor performance on the "one-leg stand" component of the SFST, but this showing had nothing to do with Officer Aguilar's opinion that appellant was intoxicated by marijuana.

Thus, given the "totality of the circumstances" involved in this case, it cannot be said that the judgment of guilt rendered by the trial court was a rational decision. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

## PRAYER

Wherefore, premises considered, appellant respectfully requests this Court to vacate appellant's conviction and enter a judgment of acquittal or remand the case back to the trial court with instruction that a new trial be conducted. Additionally, appellant prays for such other and further relief to which he may be justly entitled at law or in equity.

This 14th day of September, 2015.

Respectfully submitted,

By: */s/ John T Floyd*
John Thomas Floyd III
Texas Bar No. 00790700
By: */s/ Christopher M. Choate*
Christopher M. Choate
Texas Bar No. 24045655
Principal Office
The Kirby Mansion
2000 Smith Street
Houston, TX 77002
Tel: 713-224-0101
Fax: 713-237-1511
Attorneys for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this appellate brief has been served upon Richard Villarreal, SBOT 00797602, Assistant District Attorney, Tom Green County, 124 West Beauregard, San Angelo, Texas 76903 on this 14th day of September, 2015 by placing same in the United States Postal System, by facsimile transmission to 325-658-6831, or by any other valid method of service.

*/s/ John T Floyd*
*/s/ Christopher M. Choate*

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i), this Appellant's Brief comprises 3,845 words, as calculated by Microsoft Word for Windows 2010.

*/s/ John T. Floyd*
*/s/ Christopher M. Choate*