ACCEPTED
03-15-00553-CR
13004400
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/30/2016 3:00:18 PM
JEFFREY D. KYLE
CLERK

## No. 03-15-00553-CR

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/4/2016 10:51:18 AM
JEFFREY D. KYLE
Clerk

# THE STATE OF TEXAS,

*Appellant,*

**v.**

# PHILIP DUBORD,

*Appellee.*

On appeal from the County Court-at-Law Number Three,
Travis County, Texas
Trial Cause No. C-1-CR-12-204755

# STATE'S POST-SUBMISSION BRIEF AFTER REMAND TO THE TRIAL COURT FOR FURTHER FINDINGS AND CONCLUSIONS

DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY

GISELLE HORTON
ASSISTANT TRAVIS COUNTY ATTORNEY
State Bar Number 10018000
Post Office Box 1748
Austin, Texas 78767
Telephone: (512)854-9415
TCAppellate@traviscountytx.gov

*September 30, 2016*          ATTORNEYS FOR THE STATE OF TEXAS

# TABLE OF CONTENTS

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE CASE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE STATE'S ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT

*Point of Error*: The supplemental findings are still inadequate to
resolve the issue presented, namely, reasonable suspicion that
criminal activity was afoot... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1.    The trial court has yet to make an unambiguous credibility
      finding... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
2.    Actual traffic violations are unnecessary before reasonable
      suspicion may be found... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
3.    The supplemental findings and conclusions fail to address
      reasonable suspicion of intoxication.. . . . . . . . . . . . . . . . . . . . . . . 7
4.    The supplemental findings are still ambiguous, and are
      inconsistent with the original findings.. . . . . . . . . . . . . . . . . . . . . 7

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# INDEX OF AUTHORITIES

**Cases**                                                                                    **Page**

*Annis v. State,* 578 S.W.2d 406
    (Tex. Crim. App. 1979)............................................. 6

*Curtis v. State,* 238 S.W.3d 376
    (Tex. Crim. App. 2007)............................................. 6

*Derichsweiler v. State,* 348 S.W.3d 906
    (Tex. Crim. App. 2011)........................................... 6, 7

*Ex parte Reed,* 271 S.W.3d 698
    (Tex. Crim. App. 2008)............................................. 8

*Fierro v. State,* 969 S.W.2d 51
    (Tex. App.—Austin 1998, no pet.)................................ 6

*State v. Dubord,* No. 03-15-00553-CR, 2016 Tex. App. LEXIS 2163
    (Tex. App.—Austin Mar. 2, 2016, no pet.)
    (mem. op., not designated for publication). ..................... 4

*Villareal v. State,* 935 S.W.2d 134
    (Tex. Crim. App. 1996)............................................. 5

## STATEMENT OF THE CASE

The State has appealed an order suppressing its evidence in an enhanced DWI case.[1] CR 15. The trial court entered the suppression order on August 5, 2015. CR 81. The State gave notice of appeal on August 25, 2015. CR 90–91.

On March 2, 2016, the Third Court concluded that the trial court's findings did not allow the Court to properly assess the reasonable-suspicion issue presented. Consequently, the Court abated the appeal and remanded to the trial court for supplemental findings.

The trial court made further findings on September 15, 2016. The trial-court clerk filed a supplemental record containing the trial court's findings and conclusions on September 23, 2016. That same day, the Third Court set the case for submission on briefs. The State learned on September 29th that the case had been submitted.

---

[1] The enhancement paragraph alleged that Dubord had a blood-alcohol concentration greater than .15. CR 15.

1

To briefly re-introduce the facts of this case, Judge Michael McCormick, sitting by assignment, heard pre-trial evidence and entered an order granting the defense motion to suppress, which alleged only that the arrest was unlawful. CR 56–58 [motion], 81 [order]. The pretrial hearing's only issue, however, was the initial detention's legality; the defense never litigated the arrest's reasonableness. Only Sergeant Johnson, the detaining officer, testified; the defense did not call the arresting officer. The defense theory at the pre-trial hearing was that Johnson acted illegally because he observed Dubord commit traffic violations on Sixth Street, but, instead of detaining him immediately, followed and observed him for six miles before initiating a stop. RR 21–71. Sergeant Johnson testified that he observed a great deal more erratic driving during those brief six miles and suspected intoxication, RR 20–41, but the trial court's initial findings barely touched upon that testimony.

**The initial findings and conclusions**

The trial court initially found as follows:

1. In the early morning hours of 3-23-12 Officer Johnson observed the Defendant traveling west in the 1600 block of West Sixth Street.

2. The Defendant moved across two lanes of traffic and headed onto MoPac Boulevard, and Officer Johnson followed.

3. Officer Johnson testified he followed the Defendant for approximately six more miles before stopping him, testifying that the defendant crossed from his lane of travel on more than one occasion.

CR 89.

The trial court concluded:

Defendant argues his stop and arrest were without probable cause.

The fact the officer waited six miles to stop the defendant diminishes the credibility of his claim that he stopped the defendant for lane change violations on Sixth Street.

CR 89.

**The Third Court of Appeals abated and ordered supplemental findings**

In an unpublished per curiam opinion, the Third Court concluded

that these initial findings and conclusions did not address

- the officer's testimony that several events in addition to the lane changes on Sixth Street formed the basis of the stop;

- the credibility of his testimony.

3

The Third Court therefore abated the appeal and remanded the case, ordering the trial court to make the necessary supplemental findings of fact and conclusions of law. *State v. Dubord,* No. 03-15-00553-CR, 2016 Tex. App. LEXIS 2163 (Tex. App.—Austin Mar. 2, 2016, no pet.) (mem. op., not designated for publication).

**The trial court's supplemental findings**

On remand, the trial court found and concluded as follows:

- "Officer Johnson's testimony, absent the missing video tape, is insufficiently credible for the Court to believe that <u>any</u> traffic violations occurred."

- "The stop and arrest of Mr. Dubord was without objective probable cause."

Supp CR 4 (emphasis in original).

## ISSUE PRESENTED

Did Sergeant Johnson have reasonable suspicion to initiate a traffic stop?

The trial-court's findings, even though now supplemented, are still inadequate to decide the issue presented.

## ARGUMENT

*Point of Error*: **The supplemental findings and conclusions are still inadequate to resolve the issue presented, namely, reasonable suspicion that criminal activity was afoot.**

**1.    The trial court has yet to make an unambiguous credibility finding.**

On remand, the trial court found that, without the missing videotape, Sergeant Johnson's testimony is insufficiently credible to believe that any traffic violations occurred. Supp CR 4. The reasonable inference here is that, without first seeing whether the DWI videotape corroborates the officer's testimony, the trial court cannot find the officer "sufficiently" credible.

The trial court is the sole and exclusive trier of fact and judge of the credibility of witnesses at a hearing on a motion to suppress. *Villareal v. State,* 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). As the fact finder, the

trial court has not only the right but the duty to watch the attitude and demeanor of a testifying witness and evaluate whether the testimony has the ring of truth to it. Indeed, due process requires this.

This duty is not dependent on comparing the testimony to videographic evidence;  it is well settled that a witness's testimony need not be corroborated by physical evidence, even at trial. *See Annis v. State, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979)* (officer's opinion testimony alone was sufficient to prove intoxication); *Fierro v. State, 969 S.W.2d 51, 59 (Tex. App.—Austin 1998, no pet.)* (same). Dashboard-mounted video cameras did not even exist some years ago. And, fact finders can and do assess the credibility of testimony all the time, without other evidence to corroborate it.

### 2. Actual traffic violations are unnecessary before reasonable suspicion may be found.

A reasonable-suspicion determination is based on the totality of the circumstances. *Derichsweiler v. State, 348 S.W.3d 906, 913 (Tex. Crim. App. 2011); Curtis v. State, 238 S.W.3d 376 (Tex. Crim. App. 2007).* Thus, there is

no requirement that a suspect violate any particular statute to give rise to reasonable suspicion that criminal activity is occurring, has occurred, or is about to occur, as the trial court's supplemental findings imply. *Derichsweiler,* 348 S.W.3d at 916–17.

### 3. The supplemental findings and conclusions fail to address reasonable suspicion of intoxication.

Sergeant Johnson had sixteen years' experience as a police officer when he testified and was the supervising officer on the DWI enforcement unit when he stopped Dubord on the night in question. If the sergeant's testimony is to be believed, then the totality of circumstances give rise to reasonable suspicion of intoxication. But neither set of findings, taken together, permits the Third Court to address this legal theory.

### 4. The supplemental findings are still ambiguous, and are inconsistent with the original findings.

Initially, the trial court found that Sergeant Johnson had "diminished" credibility because he followed Dubord for approximately six miles to observe his driving behavior. On remand, the trial court found that the sergeant's testimony, "absent the missing video tape, is

insufficiently credible for the Court to believe that <u>any</u> traffic violations occurred." Supp CR 4. The findings are suspect because of these ambiguities and inconsistencies. *Cf. Ex parte Reed,* 271 S.W.3d 698, 727–28 (Tex. Crim. App. 2008) (discussing in the habeas context how the Court treats findings when it has become skeptical as to their reliability).

## PRAYER

On behalf of the people of the State of Texas, the County Attorney asks the Court to again abate the appeal and remand to the trial court for further findings that will permit the Third Court to resolve the reasonable-suspicion issue presented in this case.

Moreover, because this  State's appeal in this 2012 enhanced DWI case is accelerated, the County Attorney also asks the Court to order the trial court to make and file these further findings within a two-week period. The State sent a courtesy copy of the record via Federal Express to the Judge McCormick in August of 2015.

Respectfully submitted,

David A. Escamilla
Travis County Attorney

_____

Giselle Horton
Assistant Travis County Attorney
State Bar Number 10018000
Post Office Box 1748
Austin, Texas 78767
Telephone: (512) 854-9415
TCAppellate@traviscountytx.gov

Attorneys for the State of Texas

## Certificate of Compliance

Relying on Corel WordPerfect's word-count function, I certify that this document complies with the word-count limitations of Tex. R. App. P. 9.4. The document, counting all of its parts, contains 1,686 words.

_____

Giselle Horton

9

## CERTIFICATE OF SERVICE

I certify that I have sent a complete and legible copy of this State's brief via electronic transmission, to Mr. Dubord's attorney of record, Mr. Wayne Meissner, at waynemeissner@fitzgeraldmeissner.com on or before September 30, 2016.

_____

Giselle Horton
Assistant Travis County Attorney