

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00133-CR

---------

RONNIE LAMOUNTE MOSS                APPELLANT

V.

THE STATE OF TEXAS                      STATE

----------

### FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
### TRIAL COURT NO. 1410895

----------

## MEMORANDUM OPINION[1]

----------

Ronnie Lamounte Ross challenges his misdemeanor driving while intoxicated conviction. Tex. Penal Code Ann. § 49.04 (West Supp. 2017). In two issues, he argues that the evidence is insufficient to support the findings that his

---

[1]*See* Tex. R. App. P. 47.4.

mental and physical faculties were impaired.[2] *See id.* § 49.01(2)(A) (West 2011) (defining intoxication as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol" among other substances). Because we hold that the evidence is sufficient to support both of those findings, we affirm.

## Background

Officer Joshua Rodriguez with the Fort Worth police department was on his way home from work around 2:00 a.m. when he saw a car stopped in the middle of Benbrook Boulevard; a man police later identified as appellant was passed out in the driver's seat. Rodriguez got out of his car and knocked on the passenger side window, but appellant did not wake up. Rodriguez walked to the driver's side of the car and shined his flashlight on appellant; he was "slumped over," his foot was on the brake, and there were keys in the car's ignition. Appellant finally woke up when Rodriguez began "jiggling" the car door. According to Rodriguez, appellant was "out of it," but at Rodriguez's instruction, he pulled into the parking lot of a nearby convenience store.

After appellant pulled into the parking lot, he rolled down the window. Rodriguez heard appellant slurring his speech and saw that appellant had

---

[2]Appellant has not challenged whether the evidence is sufficient to support any other element of the offense of DWI. *See, e.g.*, *Dornbusch v. State*, 262 S.W.3d 432, 436–38 (Tex. App.—Fort Worth 2008, pet. ref'd) (citing cases with similar facts and holding that evidence was sufficient to show that Dornbusch operated motor vehicle when he was found in parking lot asleep or passed out in driver's seat, with engine running and headlights and radio on, and car was in gear but stationary only because it was resting against the curb).

glossed-over eyes; Rodriguez also smelled something fruity. Rodriguez believed the smell was "indicative of alcohol." Appellant kept telling Rodriguez to let him go home, but Rodriguez called 911 and told appellant to wait for the police.

Benbrook police officer Timothy Miller responded to the 911 call. Miller noticed that appellant's eyes were bloodshot, watered, and heavy, and he could smell the odor of an alcoholic beverage on appellant's breath. Appellant told Miller that he had drunk two beers. Appellant exited the car, and Miller noticed that appellant was unsteady as he walked. Miller decided to perform standardized field sobriety tests on appellant.

Appellant showed six out of six clues indicating intoxication during the horizontal gaze nystagmus test, four out of eight clues during the walk-and-turn test, and two out of four clues during the one-leg-stand test. Specifically, during the walk-and-turn test, appellant could not keep his balance while listening to instructions, lost his balance while walking, and stumbled as he was turning around. During the one-leg-stand test, he swayed while balancing. Miller determined—based on his own observations of appellant, Rodriguez's observations, and the fact that appellant had been "passed out in a lane of traffic"—that appellant had lost the normal use of his mental and physical faculties and arrested him for DWI. While Miller was placing appellant in his squad car, appellant stated, "I'm not drunk to the point where I would kill somebody." At the police station, appellant refused to provide a breath specimen for testing and refused additional field sobriety tests.

**Standard of Review**

Federal due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 2787 (1979); *see* U.S. Const. amend. XIV. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). The trier of fact is the sole judge of the weight and credibility of the evidence and may draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Jenkins*, 493 S.W.3d at 599; *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016); *see* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). We determine whether inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015).

**Conviction Supported by Sufficient Evidence**

Relevant evidence of intoxication as it is defined in the penal code includes any sign of impairment in the ability to speak, refusal to take a blood-alcohol test, unsteady balance, gait problems, the odor of alcohol, glassy eyes, bloodshot eyes, the presence of intoxication clues during standardized field sobriety tests,

4

and admissions concerning what, when, and how much a person has drunk. *See, e.g., Burnett v. State*, No. PD-0576-16, 2017 WL 4158919, at *6 (Tex. Crim. App. Sept. 20, 2017); *Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010); *Griffith v. State*, 55 S.W.3d 598, 601 (Tex. Crim. App. 2001). Rodriguez's and Miller's testimony is sufficient to support the determination that appellant exhibited all of these signs of intoxication. And the dashcam video admitted into evidence is consistent with their observations that appellant was unsteady and had problems with his balance during the sobriety tests. Likewise, Miller's testimony that he determined that appellant "did not have control over his normal mental and physical capabilities" and was intoxicated is relevant evidence of intoxication.[3] *See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); *Jackson v. State*, 468 S.W.3d 189, 193 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Appellant argues in his briefing that Miller testified only that appellant appeared to be a danger to himself and others—an element of the offense of public intoxication, not DWI. But although Miller testified that appellant appeared to be a danger to himself and others, he also testified that appellant did not have control over his mental and physical capabilities. Appellant also argues that Miller did not state any specific facts in support of his conclusion that appellant

---

[3]Miller testified that he typically watches DWI suspects to determine if they can appear to do "normal things" and that appellant did not appear to be able to do those things.

was intoxicated. But as we have pointed out, both Miller and Rodriguez testified that appellant exhibited multiple signs of intoxication.

Based on the foregoing evidence of "the usual indicia of intoxication," we hold that a rational trier of fact could have found beyond a reasonable doubt that appellant did not have "the normal use of mental or physical faculties by reason of the introduction of alcohol." *See, e.g.*, Tex. Penal Code Ann. §§ 49.01(2)(A), 49.04; *Kirsch*, 306 S.W.3d at 745; *Zill v. State*, 355 S.W.3d 778, 785–88 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

## Conclusion

We overrule both of appellant's issues and affirm the trial court's judgment.

/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL: SUDDERTH, C.J.; WALKER and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 1, 2018

6