In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00452-CR
_____

LACEY LAUREN YOUNG, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the County Court at Law No. 5
Montgomery County, Texas
Trial Cause No. 18-331233
_____

MEMORANDUM OPINION

Appealing a conviction on a Class B offense of DWI, Lacey Lauren Young, in the first two of three issues, argues her attorney provided her with ineffective assistance of counsel at trial. In Young's third issue, she contends the evidence in

1

her trial is insufficient to support the jury's verdict finding her guilty of committing the DWI. Because Young's issues lack merit, we affirm.[1]

Background

One evening in April 2018, John Blue, a deputy employed by the Montgomery County Sheriff's Office, noticed a car in front of him turn without first signaling the turn. Deputy Blue stopped the car. He determined that Young was driving. According to Deputy Blue, upon encountering Young, he noticed that she had "red, glassy eyes and slurred speech." She also had a strong odor of alcohol coming from her car. Deputy Blue testified that, when he spoke to Young, she volunteered "she'd definitely had too much to drink."

Sergeant Steven Terrell went to the scene to assist Deputy Blue with the investigation of the stop. After he got to the scene, Sergeant Terrell took over the investigation. He asked Young to perform several tests on the scene, including those police use when giving others a standardized field sobriety test. According to Sergeant Terrell, Young's eyes were red and glassy. He also smelled alcohol "on her person." When Terrell gave Young the HGN test, he found that she had six of six possible clues that police officers look for to decide whether someone is intoxicated. He also explained the standardized field sobriety test is designed to assist police

---

[1]Tex. Penal Code Ann. § 49.04(a), (b).

officers in evaluating whether someone is exhibiting any signs of intoxication. During the tests, Young told Sergeant Terrell that she drank four drinks at a bar. When Terrell told Young he felt she was too drunk to drive, she agreed. After Young completed her field sobriety testing, he arrested her based on his suspicion that she had committed a DWI.

After arresting Young, Terrell placed her in his patrol car and gave her the opportunity to hear an audio version of the DIC-24 mandatory warning,[2] a warning that he played on a computer after placing Young in his car. Sergeant Terrell also signed a form titled "STATUTORY WARNING," but Young did not sign the form. Terrell testified that he requested Young to provide him a specimen, but she refused. After that, he took her to jail.

In May 2018, the State charged Young in an information with DWI.[3] That October, the parties tried the case to a jury. Three witnesses testified in the trial: Deputy Blue, Sergeant Terrell, and Young. Several exhibits were admitted into evidence during Young's trial, including the statutory warning form that Sergeant Terrell signed, a video recording of Young's stop, which depicts Young taking her

---

[2]No doubt Terrell's testimony refers to the DIC-24 Mandated Statutory Warning, the required statutory warning law enforcement officers must give suspects arrested for DWI. *See* Tex. Transp. Code Ann. § 724.015.

[3]*See* Tex. Penal Code Ann. § 49.01(2)(A).

field sobriety tests, and a photograph, taken more than a year before Deputy Blue stopped Young. The photo shows Young drinking at a party with several friends.

According to Sergeant Terrell, he had been working as a police officer for around eleven years before April 2018, when he arrested Young. Terrell described his training as it relates to field sobriety testing, explaining that he is trained and has a certification demonstrating he is qualified to conduct a field sobriety test. Terrell also explained he has had training that is designed to help police officers understand the effects intoxicating substances may have on a person's ability to drive. Terrell described the steps involved in administering the standardized field sobriety test. Based on the result of the investigation he conducted in Young's case, Terrell formed the opinion that Young was intoxicated and based on that, he arrested her for DWI.

Young's attorney cross-examined Sergeant Terrell about whether he ever gave Young the mandatory DIC-24 warning during the stop. Sergeant Terrell explained he gave Young the warning by playing the audio version of the warning for her on the computer in his patrol car. He also testified that he gave Young a written copy of the form which includes the warning. The trial court admitted a copy of a form Terrell signed into evidence during Young's trial. Young's attorney also asked Terrell whether he listened as the DIC-24 warning video was being played on his computer. Terrell agreed he did not stay in his patrol car after starting the

recording; but he also testified he could hear the recording from where he was standing outside his car. When Young's attorney asked Terrell whether Young heard the recording when it was played, Terrell responded: "She did." Young's attorney also asked Terrell why Young never signed the written form. Terrell explained that, while he customarily asks those he investigates for DWI to sign the form, he could no longer remember whether he had asked Young to do so during a stop that occurred in April 2018.

Young testified in her defense. According to Young, when Deputy Blue stopped her car, she was only "slightly impaired" and not "too intoxicated to drive." Young also agreed she told Deputy Blue she had been drinking when he stopped her, explaining she decided to tell the police what they wanted to hear since she thought they had seen her driving her car out of the parking lot of a nearby bar. Young denied she was intoxicated when she left the bar, explaining she has a high tolerance for alcohol. When Deputy Blue stopped her, however, she acknowledged she had "alcohol in [her] system." But she testified, she didn't think that she was unsafe to be driving the evening she drove away from the bar.

Young also discussed whether the police gave her an oral or written statutory warning during the stop. Young's attorney asked the trial court to exclude from the evidence in the trial that Young had refused Sergeant Terrell's request, suggesting

5

that he never told her that her license would be suspended should she refuse his request and provide him with a specimen that he could have tested to determine whether she was intoxicated while driving on the night of her arrest.[4] While Young denied that she ever heard Sergeant Terrell tell her that she could lose her license, she did acknowledge she was in Sergeant Terrell's car when he started the recording on his computer. And Young agreed that she had refused Sergeant Terrell's request that night that she provide him with a specimen. According to Young, she tried to cooperate that night, even though she was upset that she had been stopped and worried "about [her] kids[,]" who were at home.

The photograph of Young drinking with friends at a party came into evidence when the prosecutor's cross-examined Young. At trial, the prosecutor explained the State obtained Young's photo that he wanted to introduce from Young's social media account. The photo shows Young drinking with friends. Young posted the photo on the internet more than a year before the police stopped her and charged her with DWI. Shortly before asking the court to admit the photo, Young testified she did not go to parties.

In the questions submitted to the jury in the charge, the jury was asked to decide whether Young was intoxicated based on "not hav[ing] the normal use of

---

[4]*See* Tex. Transp. Code Ann. § 724.031-.032.

mental or physical faculties by reason of the introduction of alcohol…into the body[.]"[5] When the jury returned its verdict, it found Young guilty of DWI. In a punishment hearing tried to the court without a jury at Young's request, the trial court assessed a 180-day sentence, but then probated the sentence and placed Young on probation for one year. The trial court's judgment tracks the jury's verdict the jury reached in Young's trial. Thereafter, Young failed to file any motions claiming her attorney rendered ineffective assistance in representing her in her trial.

On appeal, Young filed a brief raising three issues for our review. In issues one and two, she argues her attorney provided her ineffective assistance by failing to move to suppress (1) evidence showing that Young refused the request by police that she provide them a specimen they could test of her breath, and (2) the photograph that shows Young drinking with her friends. In issue three, Young argues the evidence does not support the jury's conclusion that she was guilty of committing the DWI.

---

[5]*See* Tex. Penal Code Ann. § 49.01(2)(A) (the definition for *intoxicated* when the State employs the impairment theory when charging the defendant with committing DWI).

## Sufficiency of the Evidence

*Standard of Review*

Evidence supporting a defendant's conviction is sufficient if, from the evidence, a rational jury could have found the defendant committed the essential elements of the offense that were at issue in the trial based on a standard of beyond a reasonable doubt.[6] In our review, we evaluate whether the record contains sufficient evidence to support the jury's verdict by reviewing the evidence from the trial in the light that favors the jury's verdict.[7] Under this standard, we must defer to the jury's role to "fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[8] Even when, as here, jurors could have drawn multiple inferences from the facts proven in the trial, "[w]here there are two permissible views of the evidence, the [jury's] choice between them cannot be clearly erroneous."[9]

---

[6]*Metcalf v. State*, 597 S.W.3d 847, 855 (Tex. Crim. App. 2020).
[7]*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).
[8]*Hooper*, 214 S.W.3d at 13 (quoting *Jackson*, 443 U.S. at 318-19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).
[9]*Evans v. State*, 202 S.W.3d 158, 163 (Tex. Crim. App. 2006).

*Analysis*

In Young's third issue, she argues the evidence is insufficient to prove she was intoxicated when stopped by police on the night police arrested her for DWI. We address that issue before addressing issues one and two.

A person commits the offense of DWI if the State proves the person operated a motor vehicle in a public place without having the normal use of the person's mental or physical faculties by reason of introducing alcohol or another substance into the person's body.[10] Under the statute creating the offense of DWI, the State need not prove what intoxicant the defendant ingested to prove the defendant committed the offense.[11] The State may rely on circumstantial evidence to prove the defendant ingested an intoxicant that caused the defendant to lose the normal use of her mental or physical faculties in a trial.[12] Importantly, even in criminal trials, juries may decide to view circumstantial evidence as evidence that has just as much probative value as direct evidence in evaluating whether the State established the defendant is guilty of having committed the DWI.[13]

---

[10]Tex. Penal Code Ann. § 49.01(2).
[11]*Gray v. State*, 152 S.W.3d 125, 132 (Tex. Crim. App. 2004).
[12]*Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010).
[13]*Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

In cases involving DWIs, evidence that an individual lacked balance or had slurred speech when encountered by police at the scene is circumstantial evidence that juries may choose to rely on when deciding whether the defendant no longer had the normal use of her mental or physical faculties when stopped and investigated for suspicion of DWI.[14] What's more, evidence showing the defendant performed poorly on a standardized field sobriety test, when the test is administered by a trained and experienced police officer, is additional circumstantial evidence that juries may reasonably choose to rely upon in deciding a defendant was intoxicated when she was stopped by police.[15] In Young's case, the testimony allowed the jury to infer that Young refused Sergeant Terrell's request for a specimen of her breath. That is yet another circumstance that supports the jury's ultimate conclusion finding Young guilty of the DWI.[16]

Finally, the jury could have rationally inferred that Sergeant Terrell's opinion—that Young was intoxicated—was reliable given his training and experience in handling the investigation of cases involving suspected DWIs.[17]

---

[14]*Griffith v. State*, 55 S.W.3d 598, 601 (Tex. Crim. App. 2001).

[15]*Zill v. State*, 355 S.W.3d 778, 786 (Tex. Crim. App.—Houston [1st Dist.] 2011, no pet.).

[16]*See* Tex. Transp. Code Ann. § 724.061; *Russell v. State*, 290 S.W.3d 387, 397 (Tex. App.—Beaumont 2009, no pet.).

[17]*See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979) (explaining that an experienced police officer's testimony that a person was intoxicated along

Sergeant Terrell's testimony reflects that as a policeman, he has conducted hundreds of investigations into DWIs before arresting Young in April 2018. He also described the training he had received in giving suspects standardized field sobriety tests and in recognizing the effects alcohol has on a person's control over the normal use of their faculties. Terrell testified that, in his opinion, Young was intoxicated because she did not have the normal use of her mental or physical faculties given the clues that he discovered in the investigation he conducted after Young's stop. His opinion appears to be rational, as he based it on Young's appearance, statements she made admitting that she had been drinking, the results of her field sobriety tests, and Young's statement admitting that she thought she had had too much to drink to drive. The sobriety tests Terrell gave Young included the horizontal-gaze nystagmus, the walk-and-turn, the one-leg-stand, and others. According to Terrell, Young performed poorly on the tests.

While Young testified that she felt fine and has a high tolerance to alcohol, the jury could have reasonably rejected her testimony that she was not intoxicated

---

with facts consistent with intoxication that the officer personally observed is sufficient evidence to support the jury's verdict finding the defendant guilty of DWI); *Brister v. State*, 414 S.W.3d 336, 341 (Tex. App.—Beaumont 2013) ("When based upon facts an experienced officer observes and then describes to the jury, an officer's opinion concerning a person's intoxication provides sufficient evidence of intoxication."), *aff'd*, 449 S.W.3d 490 (Tex. Crim. App. 2014).

11

when the police stopped her for failing to signal in April 2018. We conclude the evidence in Young's trial contains more than enough support for the jury's conclusion that Young committed the DWI at issue in her appeal.[18] We overrule Young's third issue.

Ineffective Assistance of Counsel

In Young's first two issues, she argues the attorney who represented her in her trial was ineffective for two reasons, both involving the attorney's failure to move to suppress some of the evidence the trial court allowed into evidence in her trial. To establish a claim of ineffective assistance of counsel, the defendant must satisfy a two-pronged test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[19]

When the defendant alleges she received ineffective assistance, the claim "must be firmly founded in the record, and the record must affirmatively demonstrate the

---

[18]*See* Tex. Code Crim. Proc. Ann. art. 38.04; Tex. Penal Code Ann. § 71.02; *see also Brooks*, 323 S.W.3d at 902 n.19; *Clayton*, 235 S.W.3d at 778; *Hooper*, 214 S.W.3d at 13.

[19]*Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

alleged ineffectiveness."[20] In our review, we must presume "that counsel's actions fell within the wide range of reasonable and professional assistance."[21] Given the presumption that the defendant received effective counsel, the record in a direct appeal from a verdict finding the defendant guilty is often not yet sufficiently developed to allow an appellate court to determine whether the attorney represented the defendant in a manner so deficient and lacking that the representation was unreasonable or unprofessional.[22] When the defendant alleges a claim of ineffective assistance, the defendant must show, by a preponderance of the evidence, no plausible professional reason exists to explain why the attorney did or failed to do whatever the defendant complains about after losing the trial.[23]

In Young's case, the record shows Young filed no post-judgment motions claiming the attorney who represented her was ineffective. Thus, when this case was in the trial court, Young's attorney never had the chance to explain why he handled Young's defense in the manner that she complains about for the first time in her appeal. Simply put, the record before us fails to affirmatively demonstrate that no plausible reasons exist to explain why Young's attorney did not move to suppress

---

[20]*Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
[21]*Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)
[22]*Id.*
[23]*Id.* at 836.

the evidence Young complains about in her appeal, the testimony that shows Young refused to comply with Sergeant Terrell's request for a specimen and the photograph that depicts Young drinking at a party with her friends.[24]

The bottom line is that claims of ineffective assistance "must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness."[25] This record before us in Young's appeal does not show the complaints Young raises about her attorney are firmly founded in the record.[26] For that reason, we conclude Young has not overcome the strong presumption that her

---

[24]*See id.* at 834.

[25]*Thompson*, 9 S.W.3d at 813.

[26]For example, had Young given her attorney an opportunity to explain, he might have pointed out that the Transportation Code provides that evidence showing a person who refused an officer's request for a blood or breath specimen is admissible in a trial. Tex. Transp. Code Ann. § 724.061. Under the Transportation Code, evidence showing a defendant refused a request for a biological specimen is admissible when the defendant refuses to give a specimen to police after the police asked the defendant to provide police a specimen. *Id.* And in Young's case, the evidence in the record allowed the jury to conclude that Sergeant Terrell provided Young with the required statutory warning by playing an audiotape of the warning for her on the computer in his car. Thus, as to admissibility, the trial court acted within its discretion when it admitted the testimony in Young's trial showing that she refused to provide police with a biological specimen. *See id.* § 724.015 (the statute provides the officer "shall inform the person" of the consequences orally or in writing, it does not describe that the officer cannot comply with the statute by playing a recording that contains the warning).

attorney provided her effective assistance during her trial.[27] Young's second and third issues are overruled.

## Conclusion

For the reasons explained above, we affirm the trial court's judgment convicting Young of DWI.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 17, 2020
Opinion Delivered December 30, 2020
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[27]*See Thompson*, 9 S.W.3d at 814.

15